FRIZZELL v. DUFFER.

Opinion delivered March 31, 1894.

1. *Pleading—Amendment.*

A complaint alleging that defendant, a constable, took and held possession of plaintiff's premises under a writ of attachment directing the seizure of the goods and chattels of plaintiff's tenant, which were situated on the premises, may be amended

on the trial so as to allege that the premises were taken "unlawfully and without the consent of plaintiff," under Mansf. Dig. sec. 5080, providing that the court may at any time amend the pleadings by inserting allegations material to the case.

2.  *Constable—Liability for acts of deputy.*

    A constable is responsible for the acts, defaults, torts and other misconduct done or committed by his deputy *colore officii*.

3.  *Trespass—Damages.*

    Where a tenant holds premises under an agreement to surrender after one day's notice, and permits a deputy constable to take possession of the premises in his official capacity, the wrongful act of the deputy in holding over longer than one day after notice to vacate constitutes a trespass for which the constable will be liable in damages for an amount equal to the fair rental value of the premises during the time of the unlawful detention.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

Mattie Duffer brought suit in trespass in the circuit court against Jas. G. Frizzell, constable, and L. L. Meek, his deputy. The complaint, as originally filed, contained the following (after stating the ownership and description of the premises): "That, on the 6th day of June, 1890, defendant Jas. G. Frizzell, constable of Upper Township—by and through his deputy, defendant L. L. Meek—in his official capacity as such constable, under a writ of attachment against one Cheatham, seized certain goods and chattels, the property of the said Cheatham, which property was at the time of seizure situated in the above described tenement of plaintiff; that the said Jas. G. Frizzell, by and through his deputy as aforesaid, took charge of the said premises of plaintiff, and held possession of the same in his official capacity as aforesaid, holding said attached property therein and continued to hold such possession, using and occupying said premises from the said 6th day of June, 1890, until the 18th of August of the same year. That

the said defendants, though often requested, have refused and still refuse to pay for the use and occupancy of the premises." The prayer was for $81 damages for the unlawful detention. Defendants' answer denied that they took possession of or held the premises. Defendants also demurred to the complaint upon the ground that, as the cause of action was for use and occupation, and the amount sued for was under one hundred dollars, the circuit court had no jurisdiction. The demurrer was overruled, and the plaintiff was permitted to amend her complaint by interlineation so as to show that defendants took possession " unlawfully and without the consent of plaintiff."

The evidence tended to establish the following facts: Cheatham was in possession of a house belonging to plaintiff, under agreement to pay rent at the rate of one dollar per day, and to vacate upon one day's notice. As deputy of Frizzell, Meek levied upon certain chattels situated in the above house, under attachment against Cheatham. To secure his possession under the levy, Meek obtained possession of the keys under agreement with Cheatham, and retained possession for some weeks after he had received notice from plaintiff to vacate.

The court charged the jury as follows:

"1. Plaintiff sues defendant in trespass for damages for the unlawful detention and occupation of a house. If you find that in 1890 defendant was constable of Upper Township, and that his deputy, Meek, had in his possession a writ of attachment against Cheatham, which he levied upon goods in plaintiff's house, and kept the goods he had attached therein, and that Cheatham was tenant of plaintiff by the day, and that plaintiff's agent demanded the house of Meek, then and in such case the detention of the house was unlawful

from one day after the demand was made, and the defendant would be liable therefor.

"2. Taking the possession of the key of the house and holding it, with attached goods in the house, is a possession of the house.

"3. If you find that defendant's deputy detained plaintiff's house after demand, then the measure of plaintiff's damages would be the fair rental value of the premises for the time of the detention from one day after demand was made."

There was verdict and judgment for plaintiff. Frizzell has appealed.

*Duval & Pitchford* for appellant.

1. It was error to permit plaintiff to amend her complaint for rents to one for trespass, thus changing the whole nature of the case. 5 Cal. 222 ; 34 Wis. 378 ; 57 Cal. 335 ; 19 Barb. 51.

2. Appellant should not be held liable for the acts of his deputy outside the scope of his duty as such deputy. Addison, Torts, secs. 441, 889 ; 39 N. Y. 381 ; 6 Cowen, 467 ; 8 Barb. 517 ; 17 Am. Dec. 549 ; Cooley, Torts (2 ed.), p. 465 ; 3 Caines, 261.

3. The court erred in its charge to the jury. If Meek was acting as the agent of Cheatham, Frizzell was not liable. 15 Am. Rep. 681 ; 29 *id.* 635.

4. Taking possession of the key of the house and holding it, with the attached goods in the house, was not a possession of the house. 7 Mo. 162.

5. Appellee's remedy was against the plaintiff in the attachment. 9 N. Y. Supplement, 65.

6. No demand was made in writing. Mansf. Dig. sec. 3348 ; 41 Ark. 533 ; 23 Am. Dec. 701.

7. There was no contract, express or implied, between appellant and appellee, and the relation of land-

lord and tenant never existed between them.   31 Ark.
296; 33 *id.* 682; 36 *id.* 518.

*Jo. Johnson* for appellee.

1.   The amendment was in the sound discretion of
the court.   Mansf. Dig. sec. 5080.

2.   The evidence supports the verdict.

3.   There was no tenancy, and no notice in writing
was necessary.

4.   The constable is liable for the acts of his dep-
uty *colore officii.*

1. Amend-
ment of plead-
ing.

BATTLE, J.   The circuit court did not err in per-
mitting the plaintiff to amend her complaint.   Mans-
field's Digest, sec. 5080.

2. Liability
of constable
for deputy's
acts.

The constable was responsible for the acts, defaults,
torts and other misconduct done or committed by his
deputy *colore officii.   Lucas* v. *Locke,* 11 W. Va. 81;
*Knowlton* v. *Bartlett,* 1 Pick. 273; *Mosby* v. *Mosby,* 9
Gratt. 584; *Cotton* v. *Marsh,* 3 Wis. 221; Crocker on
Sheriffs (3 ed.), sec. 869.   For all civil purposes the
acts of the deputy were the acts of the constable.

3. Damages
for trespass.

*Mosby* v. *Mosby,* 9 Grattan, 602.   The taking of posses-
sion and holding of the house of the plaintiff, under the
agreement of the parties to the attachment, were, in law,
the acts of the constable.   Holding as he did, it was his
duty to surrender the house to the plaintiff when the one
day after the notice to vacate had expired.   The holding
of the house after that time was a trespass (*Clinton
Wire Cloth Co.* v. *Gardner,* 99 Ill. 151), and the act of
the constable; and he was liable for damages in an
amount equal to the fair rental value of the premises
during the time of the unlawful detention, no other
wrong having been committed.

Judgment affirmed.