SIMON HARVEY *v.* FREDERICK CLARK ET AL.

LANDLORD AND TENANT. *Dispossession. Code* 1892, §§ 2547–2557. *Appeal. Issue made in circuit court.*

In a summary proceeding to dispossess a tenant, authorized by code 1892, §§ 2547–2557, if judgment go by default against the tenant in the court of original jurisdiction, and he appeal to the circuit court, he may in said court, for the first time, make and file the affidavit denying the facts averred by the landlord upon which the summons was issued, and will be thereupon entitled to a trial on the merits of the issue so made.

FROM the circuit court of Bolivar county.

HON. FRANK E. LARKIN, Judge.

Clark and others, appellees, were plaintiffs in the court below; Harvey appellant, was defendant there. From a judgment in plaintiff's favor, defendant appealed to the circuit court. The opinion states the case.

*W. A. Percy*, for appellant.

Appeals from justices of the peace are tried anew in the circuit court. Any defensive matter may then be introduced for the first time. Code 1892, § 85; *Callahan* v. *Newell*, 61 Miss., 437; *Railroad Co.* v. *Andrews*, 61 Miss., 474.

*Sillers & Owens*, for appellee.

This being purely a statutory remedy, the statute which authorizes it must be strictly construed. A special statutory proceeding, summary in its nature, and in derogation of the common law, must conform to the method of procedure prescribed by the statute, or the jurisdiction will fail to attach and the proceedings be *coram non judice*.

This same doctrine has been held by our court, and in *Shattuck* v. *Miller*, 50 Miss., 386, and *Dibbrell* v. *Dandridge*, 51 Miss., 55, it is decided that statutes in derogation of the common law will be strictly construed.

The statute under which this proceeding is brought was enacted to give the landlord a speedy remedy to oust his tenant who holds over after the expiration of his lease, and, the statute prescribing the method of procedure, must be strictly construed.

While the process is issued by a justice of the peace and is returnable before him, it is not a regular proceeding in a justice court. It is a specially created tribunal to try these cases.

The cases do not have to wait, as other civil cases, until a regular court day, but is returnable not less than three nor more than five days. Under § 2551 of the code, if sufficient cause be not shown on the return day of the summons, the justice shall issue his warrant, etc., to remove the tenant from the premises. Section 2552 provides how the defense can be made and requires it to be made on or before the return day of the summons, and, this being a summary statutory remedy, the defense must be made at the time and in the manner provided by statute, and cannot be made at any other time or in any other manner than that provided by statute.

TERRAL, J., delivered the opinion of the court.

Frederick Clark and others, as landlords, under §§ 2547–2557, code of 1892, instituted a special proceeding against Harvey, as their tenant, for holding over after the expiration of his term and without their permission. The plaintiffs below had a judgment by default, in the justice's court, and Harvey appealed to the circuit court. In the circuit court Harvey offered to make an affidavit denying the facts upon which the summons was issued, as required under § 2552, which offer the court refused, because not made on or before the return day of the summons before the justice of the peace, and gave final judgment against Harvey to remove him from the premises.

We think Harvey should have been permitted to traverse in the circuit court the grounds of the charge against him and to have made his defense. In cases of alleged holding over like this the right of appeal is secured by § 2557 in such manner as it exists in cases of unlawful entry and detainer, and § 81, code of 1892, provides that an unlawful entry and detainer case upon appeal shall be tried anew on its merits.

It is a sound and approved rule of construction that when the law gives a right to any one it impliedly grants all the incidental rights or means by which such right is made effective. The grant of a new trial upon the merits of the case necessarily includes the incidental right of making up an issue for trial.

In the precise case before us the statute secures to the tenant an appeal from the judgment of the justice of the peace and expressly declares that such appeal shall be tried anew upon its merits, and yet how vain and nugatory would be the appeal and the right of a trial thereon upon the merits of the case if the tenant should be denied, in the circuit court, the privilege of traversing the landlord's complaint, so as to form an issue for trial; for it is a saying of the ancient sages of jurisprudence that the law never does a vain or useless thing. When, therefore, it gives an appeal with a new trial upon the merits,

it necessarily gives, by implication, to the tenant the necessary and included right of making up the issue for trial.

But it is said that this is a special proceeding, unknown to the common law, and should be strictly construed.

Certainly so, but that does not affect the power and duty of the court to see that a proper issue is made up for trial. In all cases the circuit court has large discretion to mould the proceedings before it so as to effect justice between the parties, and this discretion in special proceedings is coextensive with the exercise of like powers and duties in other cases.

We think it was error that the circuit court denied the tenant the right of making in the circuit court, for the first time, a denial on oath of the landlord's complaint, and, for this cause, the judgment is reversed and the case remanded.

*Reversed and remanded.*