Thomas A. Bowles *v.* George G. Dean.

1. LANDLORD AND TENANT.    *Tenant holding over.    Expiration of term.
   Summary proceeding to remove.    Code 1892, §§ 2547, 2548.    Affidavit.*

   An affidavit in a proceeding by a landlord to remove a tenant
   holding over after the expiration of his term, under Code 1892,
   § 2547, providing a speedy remedy for such case, is defective
   if it fail to allege facts, as required by Code 1892, § 2548, from
   which the court may determine that the relation of landlord and
   tenant existed between the parties and that the term has ex-
   pired.

2. SAME.    *Amendment.    Code 1892, § 717.*

   Such a proceeding should not be dismissed because of a defective
   affidavit, unless the landlord declines to amend, as he has a
   right to do under Code 1892, § 717, authorizing amendments in
   pleadings and proceedings.

3. SAME.    *Appeal to circuit court.    Code 1892, § 2552.    Counter affidavit.
   Issue made in circuit court.*

   The defendant in such a proceeding may, upon appeal, file his
   counter affidavit (Code 1892, § 2552) in the circuit court. *Harvey
   v. Clark*, 81 Miss., 166.

FROM the circuit court of Leflore county.

HON. A. McC. KIMBROUGH, Judge.

Dean, the appellee, was plaintiff, and Bowles, appellant, defendant in the court below. From a judgment in plaintiff's favor the defendant appealed to the supreme court. The opinion states the facts.

*Gwin & Mounger*, for appellant.

The old common law remedies having been found too slow, the statute of 11 Geo., 11., sec. 19, was passed providing this remedy and the statute of Mississippi, under which this proceeding is brought (§ § 2547--2548, Code 1892), and the similar statutes in the other states of the union are based upon this statute. The statute is in derogation of the common law, and hence must be strictly construed. Unless the jurisdiction appears upon the face of the record, in the affidavit, the proceeding is *coram non judice* and void. Every jurisdictional fact must appear in the affidavit. 2 McAdam, Landlord & Tenant, sec. 298; 2 Taylor, Landlord & Tenant (9th ed.), secs. 721 and 721*a*.

By sec. 2548 of code the landlord is required to "make oath or affirmation of the facts which, according to the last preceding section, authorize the removal of the tenant," etc.

By the statute the right is given to landlords and lessors only. The conventional relation of landlord and tenant must be shown to exist between the parties. It is not sufficient that such relation has arisen by operation of law. Where the entry was under claim of title hostile to the landlord, the proceeding cannot be sustained. So where the possession is under an agreement to purchase and after default in payment, or in the case of a grantor retaining possession after the time stipulated for his possession to be retained in his deed to the purchaser.

The facts should be set out so that the court, the magistrate issuing the summons, can judge whether the parties come within the statutory description. 12 Ency. Pl. & Pr., 878-880;

*Fowler* v. *Roe,* 25 N. J. L., 549 (1 Dutch., 549); *Conley* v. *Conley,* 78 Wis., 665; *People* v. *Matthews,* 38 N. Y., 451; *Cardin* v. *Standly,* 20 Ga., 105.

The affidavit of the plaintiff in the case at bar is defective not only in not showing the facts of the relation of landlord and tenant, or the facts upon which the affiant's conclusion that this relation exists is based, but it is defective in the other particulars.

The affidavit in the case at bar is defective in another particular in that it purports to have been made by an agent, "J. T. Dean, agt. for G. G. Dean," but it nowhere makes affiant swear that he is such agent, or authorized to institute the proceeding or make the affidavit.

"Where the affidavit is made by an agent of the landlord, it is not sufficient that the affiant be simply described as the agent, but the fact of agency must be directly sworn to." *Cunningham* v. *Goelet,* 4 Den. (N. Y), 71; *People* v. *Johnson,* 1 Thomp. & Co. (N. Y.), 578.

Even if the defendant's motion to dismiss the cause because of the defective affidavit should have been overruled, still the circuit court should have allowed the defendant to file his affidavit denying the facts alleged in the plaintiff's affidavit upon which the summons issued.

*Williamson & Stone,* for appellee.

The expression used in the affidavit "tenant for a part of the year 1903" shows beyond question that the term expired at least with the year 1903, and the tenant was certainly holding over after the expiration of that term on the 6th day of January, 1904, the date of the affidavit. The affidavit follows literally the wording of the first paragraph of § 2547, Code 1892, when only a substantial compliance is necessary.

CALHOON, J., delivered the opinion of the court.

So far as this record shows, the proceedings were begun under Code 1892, § 2547 *et seq.,* by an affidavit before a

justice of the peace, showing that there personally appeared "J. T. Dean, agt. for G. G. Dean, who makes oath that T. A. Bowles, a tenant for a part of the year 1903, of G. G. Dean, for a certain lot of land described as [describing it], holds over and continues in possession of said premises after the expiration of his term, without permission of the landlord, G. G. Dean; wherefore he prays for a writ to issue requiring the said T. A. Bowles to remove from said premises, or to show cause why possession of same should not be delivered to said G. G. Dean." This is signed "J. T. Dean," and sworn to by him. This affidavit is defective in not fulfilling the requirements of Code 1892, § 2548, which are that it shall show "the facts which, according to the last preceding section, authorize the removal of the tenant, . . . and that the necessary notice has been given to terminate such tenancy." However, we do not think it defective on the ground that it does not show that the three days' notice in writing requiring payment, under the second clause of the preceding section, had been given. This proceeding is not under that clause, but under the first, as to a tenant holding over after the expiration of his term, and this requires no notice, as does the second, which is for default in the payment of the rent. The defect in the affidavit is in the failing to exhibit facts to enable the court to determine from their statement that there was the relation of landlord and tenant, that there was a term of lease, and what that term was, with its beginning and ending. But we refuse to hold that, because these matters appear only inferentially and without particularization, the circuit court erred in not sustaining absolutely a motion to dismiss "the affidavit and this cause." This should follow only if the landlord declined to amend; and we think he might amend, under Code 1892, § 717, so as to bring the merits to trial. The proceedings in the court of the justice of the peace do not show on their face any objection made to the sufficiency of the affidavit, but show merely the appearance of the parties, that

argument was heard on evidence adduced, and judgment for plaintiff, Dean. Mr. Bowles appealed to the circuit court, where he made the motion to dismiss, which we have referred to and passed upon. He then made a motion to be allowed to file in that court for the first time his affidavit denying the facts set out in plaintiff's affidavit, accompanying the motion with an affidavit showing good reason why it was not filed in the justice of the peace court. His motion was overruled. This was error. *Harvey* v. *Clark,* 81 Miss., 166 (32 South., 906).

*Reversed and remanded.*