REECE *v.* LESLIE.

Opinion delivered October 21, 1912.

1.  LANDLORD AND TENANT—TENANCY BY THE MONTH—NOTICE TO TERMI-
    NATE.—In the case of a tenancy from month to month it is necessary
    to its termination, in the absence of an agreement between the parties

for notice of a different time, that the tenant should have thirty days' written notice to terminate it, the notice ending with a monthly period. (Page 129.)

2.   SAME—QUESTION FOR JURY—DIRECTION OF VERDICT.—In an action of unlawful detainer by a landlord to recover premises leased by the month, it was error to direct a verdict for the plaintiff where plaintiff only gave fifteen days' notice to terminate the tenancy, and there was a dispute in the testimony as to whether there was an agreement that the lease might be terminated on fifteen days' notice.   (Page 129.)

Appeal from Searcy Circuit Court; *George W. Reed,* Judge; reversed.

### STATEMENT BY THE COURT.

Appellees brought suit in unlawful detainer against appellants for the possession of a certain storehouse in the town of Marshall.

The facts substantially are that W. A. Lindsey, at the time the owner of the property, in July, 1910, rented it to appellants, who went into possession thereof on August 1, 1910, and were to pay rent therefor at the rate of $25 per month. On December 15, 1911, Lindsey gave appellants written notice, in proper form, to vacate the property on January 1, 1912, and afterwards sold and conveyed the property to appellees, who, on December 26, 1912, gave appellants written notice to vacate the property on January 1, 1912.   Appellants continued to occupy the property and suit was filed on January 20, 1912.   No claim is made that appellants were behind with the payment of their rent.

Lindsey testified that he rented the property to them for an indefinite time, for a monthly rental of $25 per month, and that they were to vacate and surrender possession upon his giving them ten of fifteen days' notice.   Appellants stated that there was no definite term agreed upon, but it was their understanding that they were to have, at least six months' notice to terminate their tenancy.

The court refused to give the instructions requested by appellants, instructed a verdict for appellees, and rendered judgment for double the amount of the rental value of the property, from which appellants appealed.

*A. Y. Barr,* for appellants.

1.   Appellants being in possession, appellees bought

with notice of whatever rights or equities they possessed.    76 Ark. 25; 1 Tiffany on Landlord and Tenant, 865; 2 *Id.* p. 1429, § 196; 65 Ark. 471.    A tenancy by the month can only be terminated on a month's notice.    65 Ark. 471.

2.    Notwithstanding the common law rule, the parties can agree on the length of notice to be given.    58 Ark. 612; 2 Tiffany on Landlord and Tenant, 1432, § 196.

3.    Kirby's Dig., § 4696, only applies to tenants for life or years.

*S. W. Woods*, for appellees.

1.    Appellants were tenants at will.    Any holding over after the expiration of the time would be at will, and on three days' notice unlawful detainer is the proper suit.    36 Ark. 518; Kirby's Dig., § § 3630, 3664.    It may be brought by the lessor or his assignees.    41 Ark. 535; 18 *Id.* 284; 24 Cyc. 1040; 12 A. & E. Enc. Law, 757s. to 757w. (1 ed.), Kirby's Dig., § 3664; 36 Ark. 518.

2.    A parol lease for longer than a year is void.    30 Mich. 237; 82 Mo. 688; 120 N. Y. 37; 52 Ga. 18.

3.    Double rent was properly allowed.    Kirby's Dig., § 4696; 74 Ark. 12.

KIRBY, J., (after stating the facts).    The uncontradicted testimony shows that appellants were to pay rent from month to month, and, if theirs was a tenancy by the month, it was necessary, in the absence of an agreement between the parties for a different time, that appellants should have thirty days' written notice to terminate it, the notice ending with a monthly period.    *Stewart* v. *Morrell*, 65 Ark. 471; *Frizzell* v. *Duffer*, 58 Ark. 612.

The testimony is in conflict as to whether or not a shorter time was agreed upon for the giving of notice, the appellee and its grantor claiming that it was agreed between the parties that they should have fifteen days' notice, which was given, and the appellants contending that they were entitled under the agreement to six months' notice.

If it was a tenancy by the month, as it appears to have been, it devolved upon the appellee to show that it had been terminated by the notice for the length of time notice was agreed to be given by its grantor, or, in the absence of such

agreement, for the length of time required by law before the bringing of suit, and, there being such conflict in the testimony, the court erred in directing a verdict.

The judgment is reversed, and the cause remanded for a new trial.