## PEEL *v.* LANE.

### Opinion delivered March 28, 1921.

1. LANDLORD AND TENANT—TENANCY FROM YEAR TO YEAR.—A tenancy from year to year may be created either by an express agreement or by a lease for one or more years and the holding over of the tenant after the period of such lease and the payment of an annual rental after the first year without a new contract.

2. LANDLORD AND TENANT—TENANCY FROM YEAR TO YEAR.—In an action of unlawful detainer where the landlord alleged a failure to pay an increased monthly rental under a tenancy from month to month, and the tenant's testimony tended to prove that the tenancy was one from year to year at the original rental, it was error not to submit the tenant's theory to the jury.

3. APPEAL AND ERROR—MOOT QUESTIONS.—Where a landlord brought unlawful detainer, alleging tenant's failure to pay an increased monthly rental under a tenancy from month to month after ten days' notice to quit premises, and the tenant testified that the tenancy was from year to year, and the term had not expired at the time of appeal, so that a six months' notice would be necessary to terminate the tenancy, the questions involved were not moot questions.

4. LANDLORD AND TENANT—TENANCY FROM YEAR TO YEAR—NOTICE TO QUIT.—Six months' notice is necessary to terminate a tenancy from year to year.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; reversed.

STATEMENT OF FACTS.

On June 18, 1920, Mrs. E. Cora Lane brought an action of unlawful detainer against Miss Jennie Peel to recover possession of a dwelling house which the former had rented to the latter.

According to the testimony of Mrs. E. Cora Lane, in 1917 she rented to Miss Jennie Peel a seven-room

dwelling house in Plumerville, Arkansas, for the term of one year with the rent payable monthly at the rate of $15 per month. In May, 1919, Mrs. Lane told Miss Peel that she intended to sell her place, and it was agreed between them that thereafter Miss Peel should become a tenant at will, paying Mrs. Lane the same rent by the month. On the 1st day of February, 1920, Mrs. Lane notified Miss Peel that she would have to come up on the rent and was going to charge her $20 per month. Miss Peel notified her that she would give her an answer by the first of May. Miss Peel later on declined to pay $20 per month rent for the house, and on the 1st day of May, 1920, Mrs. Lane had served on her a notice in writing to vacate the premises on, or by, June 8, 1920.

. Other witnesses corroborated the testimony of Mrs. Lane.

According to the testimony of Miss Jennie Peel, she rented the dwelling house in question by the year from Mrs. Lane during the first part of January, 1917, and agreed to pay the yearly rental at the rate of $15 per month. She continued, without objection, to occupy the premises at a yearly rental payable monthly in advance until the 18th day of February, 1920. At that time Mrs. Lane told her the taxes were so high that she was going to raise the rent $5 per month. Miss Peel replied that she was renting by the year, and that Mrs. Lane should have informed her that she was going to raise the rent before she started on the year. She reminded Mrs. Lane that she had made some repairs since the first of the year 1920. She never agreed with Mrs. Lane to increase her rent to $20 a month. The testimony of Miss Peel was corroborated by other witnesses.

The case was tried on the 8th day of October, 1920, and the jury was instructed by the court to return a verdict for the plaintiff for the possession of the property, but the court submitted to the jury to find from the evidence the amount of damages suffered by the plaintiff.

The jury found for the plaintiff and allowed her $15 per month from June 8 to October 8, 1920, as rent. The case is here on appeal.

*Edward Gordon,* for appellant.

It was reversible error to direct a verdict for plaintiff for possession. The tenancy was one from year to year, and the notice given was sufficient. 65 Ark. 471-3-4; 11 Vroom 133; Taylor on Landlord and Tenant, § 478; Archb. on Land. & T. 87. These authorities sustain the contention of appellant. Notice must be given at the end of a rental period. See, also, 131 Ark. 77; 99 *Id.* 260.

*C. A. Holland,* for appellee.

1. There is only a moot question before the court, and costs only are involved. It does not fall within the exceptions to the rule, as stated in 113 Ark. 24; 125 *Id.* 324. The rule as to holding over by a tenant is well settled. 16 R. C. L. 1160, § 681.

2. The notice was sufficient.

3. The doctrine of estoppel has no application here. The presumption that the tenant holds in accordance with the terms of the original lease is not conclusive and is rebutted by proof of a new contract differing from the original contract. 16 R. C. L., p. 1162, § 683. The cases cited by appellant on estoppel are not in point.

HART, J. (after stating the facts). The court erred in directing a verdict for the plaintiff for the possession of the premises.

According to the testimony of the defendant, she rented the premises by the year in January, 1917, agreeing to pay the rent monthly in advance. She paid the rent as agreed upon and occupied the premises without objection until the 18th day of February, 1920, when she was told by the plaintiff that she would have to pay an additional rent of $5 per month, or quit the premises. She declined to pay the additional rent, and the plaintiff brought suit for the possession of the premises.

In *Lamew* v. *Townsend,* 147 Ark. 282, the court held that tenancy from year to year may be created, either by an express agreement, or by a lease for one or more years and the holding over by the tenant and the payment of an annual rental after the first year without a new contract.

There was a tenancy from year to year according to the testimony of Miss Peel, and her theory of the case should have been submitted to the jury.

It is insisted by counsel for the plaintiff that the judgment should not be reversed because it is not the policy of our law to decide moot questions. It is contended that the issue raised has ceased to be of any practical value because her tenancy has expired.

We can not agree with counsel for two reasons. In the first place, according to the testimony of Miss Peel, she was a tenant from year to year. Her tenancy commenced in the early part of January, and having held over until the 18th day of February, 1920, without objection on the part of the plaintiff, her term would not expire until the first part of January, 1921. The case was tried in the circuit court on the 8th day of October, 1920, and her tenancy had not expired at that time. In the next place, she received only a month's notice to quit. Under the common law in case of a tenancy from year to year, the tenant was entitled to six months' notice before his tenancy could be terminated. 24 Cyc. 1379, and cases cited, and 16 R. C. L., § 695, p. 1174, and cases cited. That the common law requires six months' notice where the tenancy is from year to year was recognized by this court in *Stewart* v. *Murrell,* 65 Ark. 471. In that case the court held that, in the absence of a local custom to the contrary, a tenant from month to month must give thirty days' notice of his intention to vacate the leased premises, but recognized that the common law rule was six months where the tenancy is from year to year.

Again the rule was recognized in *Bromley* v. *Aday,* 70 Ark. 351, where the court held that ten days' notice

to quit could not be considered reasonable in a tenancy from year to year.

In *Reece* v. *Leslie,* 105 Ark. 127, the court held that the notice for the length of time required by law before the bringing of the suit must be given, and that the notice must end with the rental period.

In *Currier* v. *Barker,* 2 Gray, Mass. 227, the importance of giving notice was stated as follows: "The notice to quit is technical, and is well understood. It fixes a time at which a tenant is bound to quit, and the landlord has a right to enter at a time at which the rent terminates. The rights of both parties are fixed by it, and are dependent on it. Should the landlord decline to enter, and the tenant quit according to the notice, the tenant could be no longer holden for rent, although he had given no notice to the landlord. The lease is 'determined' by such notice, properly given by either party. It is manifest therefore that, when such consequences depend upon the notice to be given, the notice should fix with reasonable exactness the time at which these consequences may begin to take effect."

There is no statute in this State changing the common-law rule with regard to notice where the tenancy is from year to year. Consequently the notice given by the plaintiff in this case was insufficient as to length of time and was also ineffectual because not terminating at the end of the yearly tenancy.

Therefore, the judgment must be reversed and the cause will be remanded for a new trial.