King *v.* Solmson.

4-3207

Opinion delivered November 27, 1933.

*Streett & Streett,* for appellant.

*Powell, Smead & Knox,* for appellee.

Smith, J. On August 20, 1928, H. B. Solmson leased a building in the city of Camden to Stephens & Wallin for a period of two years beginning April 1, 1929, at a stipulated rental of $175 per month. The lessees occupied the premises until December, 1929, when they made a sublease of the building to Ben King. This sublease was evidenced by a writing dated December 10, 1929, and provided for the payment by King to Stephens & Wallin of $175 per month from January 1, 1930, to March 31, 1931, the date of the expiration of the original lease.

King occupied the building under this sublease until in June, 1930, at which time, according to his testimony, he surrendered the sublease to Stephens & Wallin, and he thereafter entered into negotiations with Solmson for a new lease agreement, which negotiations terminated in an oral agreement whereby King would continue to occupy the premises for an undetermined time, paying $150 a month for each month he remained in possession. In the meantime, and on June 7, 1930, Stephens & Wallin indorsed a written assignment of its interest in the sublease contract to Solmson.

King continued to occupy and use the premises until January 15, 1931, when he vacated the building and delivered the keys thereto to Solmson, and he then paid a half month's rent in January, and now denies liability for any sum in addition.

Suit was brought by Solmson against King to recover rent up to the date of the expiration of his sublease, which was two and one-half months, and which, at $150 a month, would amount to $375, and judgment was prayed for that sum.

The question of fact was submitted to the jury whether the sublease had been annulled iby an agreement that King should remain in possession as a tenant from month to month for an indefinite period, with the privilege of vacating the property when he pleased. This issue of fact was determined in King's favor, as is evidenced by the verdict of the jury against him for only $225, which was the rent unpaid for the month of January and for the entire month of February. There was a judgment accordingly, from which King has appealed.

The court charged the jury that King was liable in any view of the case for the half month's rent for January, which King had not paid, amounting to $75. This instruction was correct. According to King's own testimony, he had changed the lease for a definite time, expiring March 31, 1931, into a lease from month to month for an indefinite time, with the privilege of terminating it at his pleasure. But, as there was no agreement made or custom proved dispensing with notice, King should have given the month's notice which the law requires of the landlord and the tenant alike to terminate a lease from month to month.

King insists that in no event should he be held liable for more than one month's rent. But we do not concur in that view. It is an undisputed fact that King gave notice on January 14, 1931, of his intention to vacate, and, pursuant to this notice, he vacated on January 15, 1931. It is argued that previous notice had been given to Solmson by King in December, 1930; but we do not so interpret the testimony. There is no question but that in December, and prior thereto, King had complained to

Solmson about the rent charged, and had demanded a reduction, and had stated to Solmson that he would have to get another tenant unless a reduction was made; but we find no evidence of a formal notice of a definite intention to vacate—which the law requires—prior to January 14.

This being true, the question of law for decision is whether King is liable for only one month's rent, or whether he is liable for the remainder of the month of January, on the 14th of which month he gave notice of his intention to vacate, and for the ensuing month of February. The original lease began on the 1st day of the month, and there is no testimony that the rent-paying date was changed, or that time was to be computed otherwise than from the 1st day of each month.

The common-law rule is that, in order to terminate a tenancy from month to month, notice to quit by the landlord, or notice of an intention to vacate on the part of the tenant, is necessary, and this notice must be served before the beginning of the succeeding rental month. 1 Underhill on Landlord and Tenant, § 115.

The authorities are reviewed by Mr. Justice HUGHES in the case of *Stewart* v. *Murrell,* 65 Ark. 471, 47 S. W. 130, where he quoted from Gear on Landlord and Tenant, page 85, § 32, as follows: " 'The right to notice to quit is mutual between landlord and tenant. * * * A tenant from month to month is entitled to thirty days' notice to quit, unless the statute allows a shorter period of notice. The notice must be for a full month before the day on which a new holding would begin, and terminate at the expiration of a monthly period.' See cases cited to § 32 in note 15, p. 89." Following this quotation Mr. Justice HUGHES proceeded to say that, "We have no statute regulating the length of notice required in such case, and we are therefore governed by the common-law rule."

Our adherence to the common-law rule was reaffirmed in the case of *Reece* v. *Leslie,* 105 Ark. 129, 150 S. W. 579, where it was said that, in case of a tenancy by the month, it is necessary, in the absence of an agreement between the parties for a different time, that either party give the

other thirty days' notice to terminate the tenancy, the notice ending with a monthly period.

There appears to be no error, and the judgment must therefore be affirmed. It is so ordered.