GULLEY v. MAYO.

(In Banc. April 28, 1941. Suggestion of Error Overruled May 26, 1941.)

[1 So. (2d) 800. No. 34523.]

**H. W. Gautier,** of Pascagoula, for appellant.

**Ford & Ford,** of Pascagoula, for appellee.

**Anderson, J.,** delivered the opinion of the court.

The appellee was the landlord; the appellant was the tenant; the property rented a residence and lot on which it is situated in the City of Pascagoula. The landlord brought this action to oust the tenant from possession of

the leased premises and to recover double rent under the hold-over statute, Section 2225, Code 1930. The trial resulted in a judgment for the landlord as prayed. From that judgment the tenant prosecutes this appeal.

The case was tried on agreed facts. The tenancy was from month to month and began on the 10th of March, 1937, and continued until the 5th of April, 1940, when the landlord gave the tenant in writing notice to vacate on the 30th of that month. Under the rental contract the monthly tenancy did not expire on April 30th, but on May 10th, therefore, the landlord had no right to require the tenant to vacate earlier than the latter date. The tenant held over until the 17th of November, 1940, notwithstanding the notice to vacate. The landlord recovered a judgment for double rent for the hold-over period. The only question is whether he was entitled to double rent. Sections 2224 and 2225 of the Code of 1930 are the governing statutes. They are in this language:

"Notice to quit shall be necessary only where the term is not to expire at a fixed time. In all cases in which a notice is required to be given by the landlord or tenant to determine a tenancy, two months' notice, in writing, shall be given where the holding is from year to year, and one month's notice shall be given where the holding is by the half-year or quarter-year; and where the letting is by the month or by the week, one week's notice, in writing, shall be given."

"When a tenant, being lawfully notified by his landlord, shall fail or refuse to quit the demised premises and deliver up the same as required by the notice, or when a tenant shall give notice of his intention to quit the premises at a time specified, and shall not deliver up to the premises at the time appointed, he shall, in either case, thenceforward pay to the landlord double the rent which he should otherwise have paid, to be levied, sued for, and recovered as the single rent before the giving of notice could be; and double rent shall continue to be

paid during all the time the tenant shall so continue in possession."

Repeating briefly: A rental by the month beginning on the 10th of one month and ending on the 10th of the next; more than a three weeks' notice in writing by the landlord to the tenant to vacate on the 30th of the month in which the notice is given, instead of the 10th of the next month, the expiration of the monthly period; Question: Should the landlord be denied double rent upon the ground that the notice fixed a time for vacation ten days earlier than he was entitled to fix? We are of opinion that he should not. Both the tenant and the landlord knew that the tenancy was by the month—from the 10th to the 10th and not from the first to the last of the month. There was no controversy as to that. Therefore, the tenant could not have been misled by the notice. He knew that the landlord intended for him to vacate not on the 30th of the month, the day named in the notice, but on the 10th of the next month. In other words, he knew that the landlord simply made a mistake in fixing the date. Notwithstanding, the tenant held over for several months. It is true that the statute is penal and should be strictly construed against the claim for double rent. That does not mean, however, that the very letter of the statute must be followed. Its substance is all that is required. The notice given in this case met that requirement.

Bowles v. Dean, 84 Miss. 376, 36 So. 391, and other cases relied on by the tenant, are not decisive of the question here involved. They merely mean that these statutes are to be strictly construed against the claim of the landlord.

Affirmed.