DILLON *v.* MILLER.

4-7405                                      180 S. W. 2d 832

Opinion delivered June 5, 1944.

*W. A. Leach,* for appellant.

*John W. Moncrief,* for appellee.

KNOX, J. In an action of unlawful detainer the landlord was adjudged to have right of possession and tenants appeal. Tenancy was from month to month, each successive term thereof beginning on the first and ending on the last day of the calendar month.

On June 29, 1943, the landlord caused notice to be served on the tenants demanding that they quit and deliver up possession of the premises "on or before August 1, 1943." The sole question at issue in the trial court, and presented by this appeal, is whether such notice was sufficient to terminate the tenancy. The tenants contend such notice was insufficient for two reasons, to-wit: (a) notice must require that tenancy terminates at end of one of the recurring periods of holding, and notice here did not require tenant to yield possession until first day of new term; and (b) words "on or before August 1, 1943," do not meet requirement that notice must fix with reasonable exactness the time when lease is to be terminated.

In the absence of an agreement between them providing otherwise, either the landlord or the tenant may terminate a monthly tenancy by, and only by, giving the other party thirty days written notice of his election to so terminate it, "the notice ending with a monthly period." *King* v. *Solmson,* 188 Ark. 237, 65 S. W. 2d 19; *Peel* v. *Lane,* 148 Ark. 79, 229 S. W. 20; *Reece* v. *Leslie,* 105 Ark. 127, 150 S. W. 579; *Stewart* v. *Murrell,* 65 Ark. 471, 47 S. W. 130; *Fizzell* v. *Duffer,* 58 Ark. 612, 25 S. W. 1111.

Our own cases declare that the notice shall be one "ending with a monthly period" and it appears to be the general rule in all jurisdictions that the notice must require that the tenancy terminate at the end of one of the recurring periods of the holding. An exhaustive annotation of the cases dealing with the sufficiency of the notice to terminate such a tenancy is found at 86 A. L. R. 1346, *et seq,* reported in connection with the case of *Oesterreicher* v. *Robertson,* 187 Minn. 497, 245 N. W. 825, 86 A. L. R. 1344.

Designation of a day corresponding to the last and not the first day of the term has been held to be a material defect in at least two jurisdictions, to-wit: Rhode Island and District of Columbia. *Waters* v. *Young,* 11 R. I. 1, 23 Am. Rep. 409; *Merritt* v. *Thompson,* 53 App. D. C. 233, 289 Fed. 631. In each of these cases the court held that if a definite day is mentioned in the notice it must correspond with the day of commencement and not the day of the conclusion of the tenancy, and that a notice which demands that tenant yield possession on the last day of the old, instead of the first day of what would be the new, term is insufficient.

Other cases referred to in the annotation disclose that in some jurisdictions courts have declared that a day corresponding with the commencement and not the conclusion of the term should rightly be designated, while courts in other jurisdictions take exactly the opposite view. All, or nearly all, of the courts have declared, however, that where either day is designated the notice 'will not be held to be insufficient, because the day named is different from the one which the court considers to be the proper one to be designated. There appears to be little uniformity in the reasons assigned for this liberal practice.

In the case of *Steffins* v. *Earl,* 40 N. J. L. 128, 29 Am. Rep. 214, where the tenancy commenced on the 1st day of May, a notice given June 29th to quit on the 1st day of August was held sufficient and not invalid for failure to designate the 31st day of July. The court said: "By strict computation, the term set out by the present

affidavit probably terminated on the last midnight of July. I think it would be carrying the rule that a notice to quit must be made with reference to the end of the term, to an illogical and unreasonable length, to hold that a notice given for the day commencing at that midnight is not a good notice. The law is ignorant of fractions of a day. The notice covers all and any period of the twenty-four hours from midnight to midnight. The very moment the tenancy expires the tenant is confronted with a direction to quit. On what process of reasoning can it be said that a new term has commenced before notice is given?''

The case of *Steffins* v. *Earl, supra,* is one of the leading American cases dealing with the question of termination of a tenancy by notice, and this court quoted and adopted a considerable portion of the language thereof in our early case of *Stewart* v. *Murrell, supra.* The exact question here before us was not, however, an issue in the Stewart-Murrell case.

In the case of *Lehy* v. *Lubman,* 67 Mo. App. 191, it is said: ''Strictly speaking, the day of the ending of a monthly term, and the beginning of another term, would be at that moment at midnight when one day ends and another begins. So it has been held that the proper month's notice is for the term to end on the corresponding day of its beginning. Thus, if a tenancy began on the first day of the month, a notice to quit on the first day of the month would be sufficient. . . . As before stated, we construe the notice in this case to be a notice to give up possession on the end of the day of June 30, —that is, at the time when the monthly term expired. It is, in effect, the same thing as if it had been notice to quit on the day corresponding to the beginning of the term; and since the ending of a term and the beginning of a succeeding term must be at the same moment of time, when one day ends and another begins, we think it practical and consistent with reason to hold that a notice to quit at the end of the last day of the term, or at the beginning of the first day of what would be a succeeding term, to be one and the same thing.''

Convinced as we are that the conclusions announced in each of the foregoing quotations are sound, and based

upon logical reasoning, we adopt the views therein expressed, and hold that whenever it has appeared, or shall appear, necessary or desirable to set forth in a notice terminating a tenancy, the exact day upon which possession will be yielded, or is required, the day so designated may properly correspond with either the first day or the last day of the rental period, and where either such day is so designated therein it shall be deemed to be "a notice ending with a" rental "period."

Appellants argue, however, that even if the first day of what would be a new term can properly be designated, still the notice here is insufficient because it failed to fix with reasonable exactness the time designated for termination, in that it did not demand possession on a day certain, but "on or before" a day certain, and counsel for appellants say that the tenants "were thereby informed that the tenancy had been or would be terminated on August first or some day prior thereto."

In reply counsel for appellee say that "the question here presented is analogous to similar questions that arose under the uniform negotiable instrument statute, which requires all negotiable paper to be payable either on demand or at a fixed or determinable future date." Decisions of this and other courts are cited in which it was held that, notwithstanding the provisions of the statute above mentioned, notes which were payable "on or before" a certain date were negotiable.

The decisions in those cases were founded upon two propositions: (1) that the payee could not require payment until the expiration of the full period, and (2) that the payor was given an option to pay before that date and thereby relieve himself of further interest charges.

We are of the opinion that the notice here granted no option to the tenant to vacate the premises prior to the end of the monthly term and thus relieve himself from liability for rent for that part of the rental period remaining after the date of surrender.

Such question was squarely presented in the case of *Koehler* v. *Scheider*, 16 Daly 235, 10 N. Y. S. 101, where the landlord notified the tenant to quit "on or

before April 30, 1886.'' Tenant yielded possession on February 1, 1886. Landlord sued to recover rent for period between February 1st and April 30th. The defense in effect was: that the notice was a continuing offer to accept surrender of the lease before April 30th, if and when the tenant elected to surrender; that by yielding possession tenant had accepted such offer, and lease was thereby and as of that time terminated. The court rejected this construction and quoted with approval the construction placed upon the notice by a trial judge at a former trial as follows: ''Where a landlord gives his tenant a notice to move on or before April 30th, that means he is not to move after April 30th; that he is to move on the termination of the tenancy, the liberty to move sooner being a liberty the tenant has. A landlord may give a tenant notice to move on or before the 1st of May, his lease being up to the first of May; but that does not mean that, if a tenant should move out the next day, he should pay no rent. It means that the landlord will insist upon his legal right to have him move out before the last day of the term. 'On or before' is common language of the law, meaning that, if you remain one day after, you remain at your peril; you are a trespasser,— a wrong-doer. A landlord can take nothing away from a tenant's rights, and waives nothing by serving a notice of that kind.''

In the case of *Scheuer & Tiegs* v. *Benedict,* 173 Wis. 241, 181 N. W. 129, 12 A. L. R. 1166, it was held that a notice to quit ''by April 30th'' was synonymous with a notice to quit ''on or before April 30th'' and was valid.

In an annotation to *Scheuer & Tiegs* v. *Benedict,* *supra,* appearing at 12 A. L. R. 1168, it is stated the word ''by'' in relation to a day named means ''on or before'' that day. The converse of this statement should be equally true—so that the notice here properly may be construed as requiring possession ''by August 1st'' and thus the date of termination is fixed ''with reasonable exactness,'' which is the test prescribed by *Peel* v. *Lane,* *supra* [148 Ark. 79, 229 S. W. 22].

Furthermore, as was pointed out in *Koehler* v. *Scheider, supra,* "The landlord can take nothing away from a tenant's rights . . . by serving such a notice." The use of the words "on or before" did not shorten the rental period. The words were surplusage, meaningless and ineffectual. The notice, therefore, should be read as if no such words were incorporated therein—in other words, as if it required that the tenant quit "on August 1, 1943."

From what has been said it is clear that the judgment must be affirmed. Appellee, however, contends that the appeal was taken for delay and the penalty provided by § 2784 of Pope's Digest should be assessed. The questions presented by the appeal are somewhat technical, but, as was said in *Peel* v. *Lane, supra,* "The notice is technical. . . . The rights of both parties are fixed by it and are dependent upon it." The questions presented by this appeal had not heretofore been directly considered and passed upon by this court. Under the circumstances we think an imposition of a penalty would not be justified, but appellee is entitled to an immediate mandate. The judgment is affirmed, and the clerk is directed to immediately issue the mandate.