Hastings *v.* Nash.

4-8812                                    219 S. W. 2d 225

Opinion delivered April 4, 1949.

*Robert J. Brown,* for appellant.

*Fred A. Snodgress,* for appellee.

Minor W. Millwee, Justice. Appellee, Walter Nash, brought this action in unlawful detainer against appellant, Mrs. J. B. Hastings, and recovered judgment for possession of the property together with rents in the sum of $361.67. This appeal follows.

The following facts are stipulated. Appellant has occupied the premises belonging to appellee for a number of years on a month to month rental basis, the monthly rental period being from the 7th of the month to the 7th of each succeeding month, and all rents have been paid promptly. Having complied with O.P.A. regulations, appellee on August 9, 1946, gave appellant written notice to vacate the premises not later than November 9, 1946.

It further appears from the record that appellant still occupied the premises on March 27, 1947, when the instant suit was filed after a three-day written notice

to quit had been served on appellant on February 22, 1947, pursuant to Ark. Stats., (1947), § 34-1503.

The issue here is the sufficiency of the notice served on appellant on August 9, 1946, to vacate the premises not later than November 9, 1946. We have no statute regulating the length of notice required to terminate a tenancy from month to month and are, therefore, governed by the common law rule, which is stated as follows in *Dillon* v. *Miller,* 207 Ark. 401, 180 S. W. 2d 832: ''In the absence of an agreement between them providing otherwise, either the landlord or the tenant may terminate a monthly tenancy by, and only by, giving the other party thirty days written notice of his election to so terminate it, 'the notice ending with a monthly period.' *King* v. *Solmson,* 188 Ark. 237, 65 S. W. 2d 19; *Peel* v. *Lane,* 148 Ark. 79, 229 S. W. 20; *Reece* v. *Leslie,* 105 Ark. 127, 150 S. W. 579; *Stewart* v. *Murrell,* 65 Ark. 471, 47 S. W. 130; *Fizzell* v. *Duffer,* 58 Ark. 612, 25 S. W. 1111.'' The exact holding in the Dillon case, *supra,* is stated in Headnote 2, as follows: ''Where the landlord undertakes to set forth in the notice the exact day on which possession of the premises should be delivered up, the day so designated may properly correspond with either the first or the last day of the rental period.''

It is noted that the notice in the instant case did not set forth the exact day upon which possession was to be yielded but provided that appellants should vacate ''not later than'' November 9, 1946. The words ''not later than'' were held to be synonymous with ''at any time prior to'' in *Hughes* v. *U. S.,* (C. C. A. Tenn.) 115 F. 2d 285. It is held generally that a tenant cannot complain that he is given longer notice to quit than the law requires. 32 Am. Jur., Landlord and Tenant, p. 840. In *Boss* v. *Hagan,* 49 App. D.C. 106, 261 F. 254, 8 A. L. R. 1508, the court held that the fact that the notice gave the tenant a day following the date of the recurring date of the holding to vacate did not render the notice invalid. It has also been held that a mistake in fixing the date of the termination of a tenancy which does not mislead or harm the other party will not invalidate the notice. *Gulley* v. *Mayo,* 191 Miss. 143, 1 So. 2d 800.

At the time of the filing of the instant suit, appellant had withheld possession of the premises from appellee for more than four months following the expiration of the notice to vacate. Three recurring rental periods expired between the date of the giving of the notice and its termination and there is nothing in the record to indicate a waiver of the terms of the notice on the part of appellee. Under these circumstances, it is the opinion of the majority, in which Justice GEORGE ROSE SMITH and the writer do not concur, that appellant is in no position to contend that the notice to vacate was insufficient.

Affirmed.

McFADDIN, J., concurs.