Dr. James M. ROBINETTE *v.* Edward L. FRENCH d/b/a FRENCH'S ATHLETICS

CA 86-320                                        724 S.W.2d 196

Court of Appeals of Arkansas
Division I
Opinion delivered February 25, 1987

*Paul E. Hopper*, for appellant.

*Mooney & Boone*, for appellee.

DONALD L. CORBIN, Chief Judge. Appellant appeals the circuit court's order dismissing with prejudice his claim against appellee for rent due. We reverse the trial court's dismissal and find appellee is liable for payment of additional rent in the amount of $1,596.78.

By oral agreement, appellant rented to appellee some commercial property on a month-to-month basis for $1,643.25 per month. By letter dated December 16, 1983, and delivered to appellee, appellant attempted to increase appellee's rent to $2,250.00 per month, effective January 1, 1984. Appellee paid the January, 1984, rent in the amount of $1,643.25 but paid rent of $2,250.00 for the following months of February, March and April. By letter dated March 1, 1984, appellee notified appellant of his intention to vacate the premises by March 31, 1984, stating, however, that in the event he remained on the property after March 31, 1984, he would notify appellant and adjust the rent accordingly. Thereafter, appellee remained on appellant's property until May 9, 1984, at which time he vacated the premises without further notice to appellant and sent appellant a check for $653.22, which was a pro rata portion of the May rent for the time he occupied the premises. Appellant made demand upon appellee for the balance of the May rent and then filed suit against appellee for that amount and also for the difference in the amount of the January rent actually paid and the amount appellant had attempted to increase it. At the conclusion of the trial, the trial court found that appellant was not entitled to the increase in the January, 1984, rent because thirty days' notice was required in order for appellant to increase rent on a month-to-month tenancy. The court further found that appellee gave appellant timely notice of his intention to vacate and that rent was paid in full for the time he actually occupied the property; therefore, appellee did

not owe appellant any additional rent.

For reversal, appellant relies on two points: that the court erred in finding that appellant was required to give appellee thirty days' notice in order to raise the monthly rent and that the notice given by appellee to appellant was sufficient to prevent appellant from collecting rent beyond the date that appellee vacated the premises.

We agree with the trial court that the notice of increased rent mailed December 16, 1983, was insufficient to increase rent effective January 1, 1984, on a month-to-month tenancy. *Moll* v. *Main Motor Co.*, 213 Ark. 28, 210 S.W.2d 321 (1948) dealt with a landlord's attempt to increase rent. In *Moll, supra*, the appellant wrote the appellee on January 22, 1946, notifying the appellee that the rent on the premises the appellee was occupying would be increased from $65.00 to $200.00, effective February 1, 1946. On January 31, 1946, the appellee sent the appellant a $65.00 check for the February rent, which the appellant refused and returned, and on February 12, 1946, the appellant filed suit against the appellee to evict the appellee from the premises. The trial court found that no contract, either express or implied, existed between the appellant and the appellee to increase rent; however, the appellant was entitled to reasonable compensation for the appellee's use of the premises, which was $65.00 per month. In affirming the trial court's judgment, the Arkansas Supreme Court stated:

> In 52 C.J.S., Landlord & Tenant, 506, the applicable rule is stated as follows: "A notice by a landlord to a tenant that, if he continues to occupy the premises beyond the present term, he must pay an increased rent, naming the sum, will not bind the tenant, although he holds over, unless the tenant expressly or impliedly consents to such increase of rent. If, however, the tenant remains in possession and holds over after receiving notice from the landlord that a greater rent will be required than that stipulated in the lease or required by the terms of the prior tenancy, his assent to the changed terms will be implied, and the rent will be increased, even though the tenant objects to the new condition, provided the holding over is voluntary and not unavoidable. If the tenant protests against the increase and

explicitly refuses to pay it, he may not be held liable therefor merely by the act of holding over, since no new agreement may be implied, but he is liable for reasonable use and occupation. Also, the tenant is not liable for the increased rent where a tenancy exists governing the amount of rent and such tenancy is not terminated in the statutory manner."

*Id.* at 35.

After giving approximately sixteen days' notice of an increase in rent, appellant accepted appellee's monthly rental check in the amount of the old rental rate. It is undisputed between the parties that the lease was on a month-to-month basis; an increase in the monthly rental amount required thirty days' notice. We therefore find that the trial court did not err in refusing to award appellant the increase in rent for the month of January.

We cannot agree, however, with the trial court's finding that appellant was not due the unpaid portion of rent for May 9 through May 30. Appellee notified appellant by letter on March 1, 1984, of his intention to vacate the premises, and he further advised appellant that, if he were delayed in vacating the premises, he would notify appellant and adjust the rent accordingly. Appellee, however, gave appellant no further notice of his intention to vacate until he actually vacated the premises on May 9, 1984, at which time, he only paid appellant a pro rata portion of the May rent in the amount of $653.22. The trial court found that appellee's March 1, 1984, letter to appellant was timely notice of his intent to vacate, that appellant received payment for the days that appellee actually occupied the property, and therefore, appellee was not liable for the balance of the May rent in the sum of $1,596.78.

In *Wyatt* v. *Erny*, 193 Ark. 479, 101 S.W.2d 181 (1937), the Arkansas Supreme Court held that, in order to terminate a tenancy from month-to-month, the right to notice is mutual between the landlord and tenant; if the tenant desires to terminate the tenancy, he must, in order to avoid liability for the rent falling due in the succeeding month, give his landlord thirty days' notice, and his notice must be given on or before the beginning of the succeeding rental month. The Arkansas Supreme Court again stated, in *Hastings* v. *Nash*, 215 Ark. 38, 219

S.W.2d 225 (1949):

> We have no statute regulating the length of notice required to terminate a tenancy from month to month and are, therefore, governed by the common law rule, which is stated as follows in *Dillon* v. *Miller*, 207 Ark. 401, 180 S.W.2d 832: "In the absence of an agreement between them providing otherwise, either the landlord or the tenant may terminate a monthly tenancy by, and only by, giving the other party thirty days written notice of his election to so terminate it, 'the notice ending with a monthly period.' [citations omitted.]" The exact holding in the Dillon case, *supra*, is stated in Headnote 2, as follows: "Where the landlord undertakes to set forth in the notice the exact day on which possession of the premises should be delivered up, the day so designated may properly correspond with either the first or the last day of the rental period."

*Id.* at 39.

In the case at bar, there was no agreement between the parties that appellee would owe rent only for the days he actually occupied the premises. In fact, appellant's agent testified that, in April of 1984, appellee tendered a check for only half a month's rent and that he called appellee and advised him that a full month's rent was due. In the absence of an agreement between the parties, the common law rule required appellee to give appellant thirty days' written notice of his intent to vacate, with the termination becoming effective at the end of a monthly period. Rent does not accrue from day to day as does interest but is considered to accrue in its entirety on the day payment is due. *Wilson* v. *Campbell*, 244 Ark. 451, 425 S.W.2d 518 (1968). We find that appellee is liable for the balance of the May rent in the amount of $1,596.78.

In his brief, appellant argues that he is also entitled to rent for the following month of June of 1984. However, as evidenced by appellant's amended complaint filed after the trial and the court's order striking the amended complaint, the issue of the June rent was not raised at trial or in the pleadings. The trial court has broad discretion to permit amendments to pleadings, and the appellate court sustains the exercise of that discretion unless it is manifestly abused. *Jim Halsey Co.* v. *Bonar*, 284 Ark.

461, 683 S.W.2d 898 (1985). Issues raised for the first time on appeal will not be considered by the appellate court. *Arkansas Iron and Metal Co.* v. *First National Bank of Rogers*, 16 Ark. App. 245, 701 S.W.2d 380 (1985).

Accordingly, we reverse and remand for entry of judgment for appellant consistent with this opinion.

Reversed and remanded.

COULSON and JENNINGS, JJ., agree.