RAILWAY COMPANY *v.* GRAHAM.

Decided January 9, 1892.

1. *Life estate—Parol contract—Damages.*

A parol contract for a life tenancy, taken out of the statute of frauds by part performance, is a sufficient title on which the life tenant may base an action at law against a stranger to recover damages for an injury to his estate.

2. *Damages—Overflow—Instruction.*

Where the jury are instructed to assess the damages to plaintiff's crop and to his life interest in a tract of land, occasioned by an overflow, a general verdict in plaintiff's favor for a substantial amount will be set aside where there was evidence as to the damage to the crop, but not of the damage to the life estate. No verdict in such case, save for nominal damages, could be sustained upon the latter score.

APPEAL from *Lafayette* Circuit Court.

CHARLES E. MITCHEL, Judge.

In January, 1889, Graham sued the St. Louis, Arkansas & Texas Railway Co., alleging that it had so negligently erected an embankment on its road-bed as to cause a natural stream to overflow certain land wherein he held a life estate, thereby destroying his crop in 1888 and rendering the land unfit for use. He asked damages for the injury to his crop, and to his life interest in the land.

Plaintiff was permitted to prove that he held the land under an oral agreement with the owner of the fee who told him that if he would move on it and watch it and keep trespassers off of it and other lands he owned, he might have it while he lived. To this testimony defendant objected because the contract was not in writing. Plaintiff testified that, as soon as he went on the land under the agreement, he built a dwelling house and other houses there,

and cleared and put in cultivation a part of it, and lived on the land fourteen years.

There was evidence that overflows of the land during the years 1888 and 1889 were caused by the negligent manner in which defendant had constructed its road-bed, and that the damages to plaintiff's growing crops during the years mentioned exceeded $400. There was no evidence as to the value of defendant's interest in the land. There was a verdict in favor of plaintiff for $500. Defendant has appealed.

*Bunn & Gaughan* and *Sam H. West* for appellant.

1. A tenancy for life cannot be established by parol evidence. Mansf. Dig., sec. 3380. Plaintiff, if entitled to anything for damages to the freehold, could only recover nominal damages. A tenant from year to year or by sufferance cannot recover for injury to the freehold. 22 Mich., 117; 25 N. J. L., 121; 24 Tex., 205; Wood's Mayne on Damages, 541; 3 Suth. on Dam., 364–392.

2. The verdict is excessive, and as this court cannot dissect the verdict and say what amount was found for damages to the crop, and what to the freehold, the judgment must be reversed.

PER CURIAM. The plaintiff's parol contract of lease was taken out of the operation of the statute of frauds by part performance. His title was good therefore even against his grantor, and there was no error in allowing proof of it against a stranger. [1. Life estate may be established by parol evidence.]

When the several parts of the charge are read together, it fairly means that the plaintiff should recover for the damage done to his crops for the years 1888 and 1889, and for the damage done to his estate by the prospect of future overflows, that is, the depreciation of its value by the improper construction of the company's road-bed. No complaint is made of the charge as to the recovery for damage to the crops. [2. What damages for overflows recoverable.]

As to the depreciation in value of the plaintiff's estate,

there was no proof except of facts which tend to show that the estate was of value, but the jury could draw no certain deduction of any particular sum at which the damage should be fixed from the facts proved. No verdict, save for nominal damages, could therefore be sustained upon that score. The special damages to crops, etc., might have been estimated at a little more than $400. The verdict was for $500. It is not therefore sustained by the evidence. There is no other error for which the judgment should be reversed.

What part of the verdict the jury based upon the special damages proved, and what part upon the unascertained injury to the estate, cannot be determined. If they had returned a verdict for $250, for the damages actually proved, the appellant could not have been heard to complain, and that sum would seem to be a fair compensation to the appellee for the damages proved. If the appellee will remit and take judgment for that amount, and pay the costs of the appeal within thirty days, he may do so; otherwise the judgment will be reversed, and the cause remanded for a new trial.

It is so ordered.