## Phillips *v*. Grubbs. ·

### Opinion delivered April 27, 1914.

1. LEASE—RATIFICATION.—Where one W. made an oral lease of land belonging to his wife and her brother, to appellee for a period of five years, and the owners of the land accepted the rent paid under the lease for two years, their acts will be held to amount to a ratification of the lease made by W.  (Page 564.)

2. LEASE—STATUTE OF FRAUDS—ORAL LEASE.—A contract of lease made orally is taken out of the statute of frauds when the lessee complies with its terms by paying rent for two years and making valuable improvements on the land.  (Page 565.)

3. CHANCERY COURTS—CONFLICT AS TO TITLE—PRACTICE AS TO MAKING A FINDING.—Where a bank held title to land in trust for one of two parties, and all the parties were before the court, where there is doubt as to the ownership of the property, it is the duty of the chancellor to make a finding on that issue.  (Page 565.)

Appeal from Prairie Chancery Court, Southern District; *John M. Elliott,* Chancellor; modified and affirmed.

*Trimble & Trimble,* for appellants.

*J. G. & C. B. Thweatt,* for appellees.

McCulloch, C. J.  This suit originated in the circuit court of Prairie County, being instituted by appellants against appellee, William Grubbs, to recover possession of certain lands in that county. It was an action of unlawful detainer, it being alleged in the complaint that appellee, Grubbs, was a tenant of appellants under an oral contract for the year 1912, and that he unlawfully detained said lands and held the same after the expiration of his term.

The Bluff City Bank and George Craig, the receiver thereof, and Joe Skarda, as curator of the estate of Mrs. Jennie B. Wright, one of the appellants, were made parties. They, together with appellee, Grubbs, filed an answer and cross complaint, alleging that Grubbs held the land under a contract of lease covering a period of five years from January, 1911, to December, 1915; that said bank was the owner of an interest in the lands by purchase from Wilkie M. Phillips and that appellants were interfering with Grubbs and his quiet possession of the land and disturbing his tenants on the place, thus preventing the prosecution of farm operations on the place. The prayer was that the cause be transferred to the chancery court, and that appellants be restrained from interfering with the occupancy of Grubbs.

Appellants filed an answer to the cross complaint in which they alleged that the title held by the Bluff City Bank was as trustee for Mrs. Wright, one of appellants, and alleging that the interest of Wilkie M. Phillips was purchased by Frank Wright, her husband, and the title taken by the bank as security for the purchase money advanced. The prayer was that the receiver of the bank be required to make a deed to Mrs. Wright for the interest thus purchased.

The lands in question were originally owned by Mrs. Ollie T. Carr, the mother of appellants, W. A. Phillips and Mrs. Jennie B. Wright and of Wilkie M. Phillips. Mrs. Carr left a will in which she devised the lands to the three children, and afterward Wilkie M. Phillips conveyed his interest in the land to the bank. The bank advanced the money, and, confessedly, took the title as security for the purchase money.

There is a controversy whether the purchase was made by Frank Wright for himself or for the use and benefit of his wife, Mrs. Jennie B. Wright, who is one of the appellants.

Frank Wright was executor of the will of Mrs. Carr, and filed a settlement account from time to time. He entered into an oral contract with Grubbs, whereby he

rented the farm to the latter for a period of five years, beginning January, 1911. Under the terms of the contract, Grubbs was to pay an annual rental of $600, and make certain repairs and improvements. He entered into possession of the lands and made valuable improvements and paid the rent for the years 1911 and 1912. This action was instituted in January, 1913, to recover possession from him.

The chancellor decided that Grubbs was rightfully in possession of the land, and rendered a decree dismissing the complaint of appellants.

Both sides argue the question whether, under the evidence, Frank Wright, or his wife, Jennie B. Wright, is entitled to the interest in the land held by the bank as trustee.

The conclusion we reach, however, renders it unnecessary to pass upon that question, the chancellor not having done so.

The real controversy in this case, so far as the appellants are concerned, is as to the right of Grubbs to occupy the land, and the question of the bank's interest in the land was introduced merely as affecting the right to prevent appellants from interfering with the tenant Grubbs. Inasmuch as the chancellor upheld the right of Grubbs to continue his occupancy under his lease, and appellees not having appealed, it is unnecessary to determine the controversy between Wright and his wife as to who is entitled to the interest held by the bank.

The sole question necessary to determine in the case is whether the decree was correct in awarding the possession to Grubbs during the terms of his oral lease with Wright.

We think the evidence is sufficient to sustain the finding of the chancellor, or, at least, that the finding is not against the preponderance of the testimony. Wright testified that he was authorized by Phillips, his brother-in-law, and that he was also acting for his wife, in renting out the lands. The question of his authority is disputed, but, as before stated, we think the testimony is sufficient

to support the chancellor on that point. Besides that, it is undisputed that Phillips and Mrs. Wright both accepted the rent for the years 1911 and 1912, and that amounted to a ratification of whatever contract Wright had made for them. They could not accept the benefit of the contract without ratifying it as a whole.

The contract was not in writing, and, as originally made, was within the statute of frauds. But its terms were complied with by Grubbs in paying the rent for two years and making valuable improvements in accordance with the terms of the contract, and this took it out of the operation of the statute. This is true of an agreement to sell lands, and the same principle controls a contract for lease of lands. *Railway Co.* v. *Graham,* 55 Ark. 294; *Phillips* v. *Jones,* 79 Ark. 100; *Evins* v. *Sandefur-Julian Co.,* 81 Ark. 70; *Reichardt* v. *Howe,* 91 Ark. 280.

Without undertaking to decide the controversy between the receiver of the bank and Mrs. Wright concerning the interest held by the bank, which is really a controversy between Mrs. Wright and her husband, we hold that the decree of the chancellor concerning the right of appellee, Grubbs, to occupy the land during the term of his lease is correct and the same is affirmed.

## ON REHEARING.

McCULLOCH, C. J. We have concluded, on reconsideration of the case, that the chancellor ought to have decided the controversy between appellant Jennie B. Wright, and her husband, Frank A. Wright, concerning the title to the interest in the land purchased from Wilkie M. Phillips, and the bank required to execute a deed conveying the legal title to the one of those parties who was found to be the real owner. The undisputed testimony is that the bank held the title in trust, and the only controversy is whether the purchase was made by Frank A. Wright for his own benefit, or as agent for his wife. The testimony is sharply in conflict upon that issue, but all the necessary parties were before the court, and it was within the power of the court to settle the whole controversy, and that ought to have been done.

The state of the proof with regard to the issue between Wright and his wife leaves it not free from doubt as to whom the bank should be required to convey the title, and under those circumstances the parties are entitled to a decision of the chancellor upon that issue. *Greenlee* v. *Rowland,* 85 Ark. 101.

We find no cause for changing the conclusion we reached as to the main controversy between appellants and appellee Grubbs, and as to that part of the decree the petition for rehearing is denied. The decree ought, however, to be modified with respect to the order on Grubbs to pay the rent to Frank A. Wright as executor of the estate of Mrs. Carr. It does not appear that the lands or the rents and profits thereof are necessary for the payment of debts; therefore, the heirs are entitled to collect the same. The proof shows, as recited in the former opinion, that Frank A. Wright was authorized to enter into a contract with Grubbs, or that his act was ratified by the owners, and the latter are entitled to collect the rents pursuant to the contract. That, of course, will include the right of the owner to whom is adjudged the interest purchased from Wilkie M. Phillips.

The decree is, therefore, modified as to the direction naming the parties to whom the rent is to be paid, and that part of the cause which relates to the controversy between Frank A. Wright and his wife is remanded with directions to the chancellor to proceed, upon proof which has been adduced in the case, to determine the issue presented upon that part of the case.