STORTHZ v. WATTS.

Opinion delivered March 29, 1915.

1. CONTRACTS—EXPIRATION—RENEWAL.—Where a contract for the lease of land has expired, in order to show an oral agreement to renew the same, the language used, in order to operate as a renewal of the contract, must be sufficient, either by express reference to the terms of the old contract or the statement of new terms to amount to a complete contract.

2. CONTRACTS—LEASE OF LAND—STATUTE OF FRAUDS.—An oral contract of lease of land is taken out of the statute of frauds, when the lessee complies with the terms by paying rent for the years actually occupied, and making valuable improvements upon the land.

3. CONTRACTS—LEASE OF LAND—STATUTE OF FRAUDS.—In order to take an oral contract of lease of land out of the statute of frauds, there must be substantial expenditures in the way of performance of the contract over and above the mere occupancy of the land, and payment of rent for the period actually occupied.

4. CONTRACTS—STATUTE OF FRAUDS—SUBSTANTIAL PART PERFORMANCE.—Substantial part performance operates to take an oral contract of lease out of the operation of the statute of frauds, but partial execution does not have that effect.

5. APPEAL AND ERROR—REVIEW—STATUTE OF FRAUDS—QUESTION RAISED, HOW.—Where plaintiff has plead the statute of frauds, and duly saved exceptions to the overruling of an objection to the introduction of testimony tending to take the contract out of the operation of the statute, it will be held that the issue of the statute may be reviewed on appeal.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; reversed.

*W. T. Tucker,* for appellant.

*Miles & Wade,* for appellee.

McCULLOCH, C. J.   The plaintiff, L. Storthz, leased his farm to defendant Watts by oral contract entered into in March or April, 1913.   Defendant held over into the year 1914, and this is an action of unlawful detainer instituted by plaintiff to regain possession.   Plaintiff contends that the contract only covered the renting of the farm for the year 1913, whilst defendant's contention is that the lease covered a period of two years, that is to say, the remainder of the year 1913, and also the year 1914. The defendant was put out of possession under a writ issued at the commencement of the action, and a trial of the case resulted in a verdict in his favor, and his damages were assessed at the sum of $160.   Plaintiff has appealed.

There was a sharp conflict in the testimony.   Plaintiff testified that he rented the land to defendant for the year 1913 at a specified rental price of $3 per acre; that there were eighty acres of the land which defendant agreed to cultivate and pay for; but that at the end of the year, defendant having cultivated only about thirty or forty acres, they compromised by defendant paying rent on forty acres of the land.   Defendant testified that plaintiff made a verbal contract with him for a lease of the farm for the years 1913 and 1914.

(1)   It is insisted, that the alleged oral contract for lease of the lands for a period of more than one year was within the statute of frauds and therefore void.   Plaintiff pleaded below the statute of frauds.   There is no contention that the contract was in writing, but defendant contends that it was taken out of the operation of the statute of frauds on two grounds, namely:   One that there was a ratification or renewal of the contract after the expiration of the first year, which amounted to a new contract; and, second, that defendant made valuable improvements on the place in anticipation of enjoying the use of it for the full period stipulated in the alleged contract.   We have examined the testimony carefully and reached the con-

clusion that it is not legally sufficient to sustain the defendant upon either of those points. Plaintiff denied that he ever leased the place for a longer period than for the year 1913, and denied that anything was said by defendant after the expiration of the year, about holding it for another year, and denied that there was any agreement made between him and the defendant for leasing the place during the next year. Defendant testified that about the 1st of January, 1914, the plaintiff came to the farm for the purpose of collecting the rent for the year 1913, and that after he paid plaintiff by giving a check for the agreed amount, something was said about a ditch to drain the water off of some of the land, and that plaintiff stated in reply that the next time he came down to the place he would go over there and see about the ditch. There is no contention on the part of defendant that there was any specification in that conversation about renting the place for another year, but this testimony is brought forward as tending to show a recognition of the existing contract. This, however, is far from establishing a new contract or a renewal or ratification of the one alleged to have been theretofore entered into. The statements of the parties as related by the defendant in his testimony, were not sufficient to establish a new contract or to take the old one out of the operation of the statute of frauds. In order to be operative as a renewal of the contract, the language used must have been sufficient, either by express reference to the terms of the old contract or the statement of new terms to amount to a complete contract.

(2-3-4) Nor was there, we think, sufficient testimony to warrant a finding that there had been such performance of the contract as would take the case out of the operation of the statute of frauds. In the recent case of *Phillips* v. *Grubbs,* 112 Ark. 562, we announced the principle that an oral contract of lease is taken out of the statute of frauds when the lessee complies with the terms by paying rent for the years actually occupied and making valuable improvements upon the land. About all the defendant's testimony on this point amounts to is that

the character of the soil was such that he wouldn't have cared to rent it for a single year, and that he made some slight repairs on the fence. He undertakes to testify about expenditures made to tenants on the place, but he does not show that the expenditures were for permanent repairs, or repairs necessary to cover the period of the alleged contract, nor that the repairs were contemplated by the terms of his contract. The only item of repairs specified is a trifling amount expended on the fence, which is too insignificant to be treated as a substantial performance of the contract. There is nothing more in the testimony, in the way of part performance, than occupancy for the first year and payment of the rent for that year, which is not sufficient to take the case out of the operation of the statute. There must be substantial expenditures in the way of performance of the contract over and above the mere occupancy and payment for the period actually occupied. There is a difference between substantial part performance of a contract, which takes it out of the operation of the statute, and partial execution, which does not have that effect. *Henry & Bro.* v. *Wells*, 48 Ark. 485.

(5) Counsel for defendant insists that the questions just discussed have not been properly raised, for the reason that there were no objections made to the testimony as to the contract not being in writing. We think the questions were properly raised, and call for a review here. Plaintiff pleaded the statute of frauds, and there was no conflict in the testimony about the contract being oral, though there was a conflict as to whether it covered a longer period than the year 1913. Defendant undertook to get the case out of the operation of the statute by showing that he made valuable improvements in part performance. That testimony was objected to and exceptions were saved. It was, as we have already said, insufficient to show partial execution of the contract, but the objection to the ruling of the court in admitting the testimony, and the saving of exceptions to the ruling of the court, were sufficient to bring this matter before us for review. There was nothing else plaintiff could do in the way of

raising the question after having pleaded the statute and objected to any testimony which did not tend to take the case out of its operation.

The testimony being insufficient to sustain the verdict, the judgment is reversed and the cause remanded for a new trial.