GARNER *v.* STARLING.

## Opinion delivered January 27, 1919.

1. FRAUDS, STATUTE OF—ORAL LEASE FOR THREE YEARS.—An oral lease for a period of three years *held* to be within the statute of frauds.

2. SAME—ORAL LEASE—PART PERFORMANCE.—To take an oral lease of land for three years without the statute of frauds, the lessee must show that he made valuable improvements or substantial expenditures in performance of the contract over and above the mere occupancy of the land, payment of rent for period actually occupied and the work usually done in cleaning up land preparatory to putting it in cultivation.

3. APPEAL AND ERROR—HARMLESS ERROR.—Where a landlord, entitled to recover, asked for recovery of rent for remainder of the year, and recovered the lowest rental value, it being conceded that the lessee was entitled to gather the growing crop, the lessee could not complain.

Appeal from Lafayette Circuit Court; *George R. Haynie*, Judge; affirmed.

### STATEMENT OF FACTS.

J. H. Starling brought suit against J. P. Garner to recover possession of 80 acres of land which he alleges the latter held over after the expiration of his tenancy.

According to the testimony of J. H. Starling himself, he rented the land in controversy to J. P. Garner for the year 1917, and Garner went into immediate possession of the land in January of that year. The contract was an oral one and Garner was to pay as rent one-fourth of all the crops grown on the place. There are 65 acres of land in cultivation. For the year 1918, Starling rented the land to Oran and Bennie Weems for $10 an acre for the corn land, and one-fourth of the crop for the cotton land. The Weems boys did not get possession on account of Garner holding over. Fifteen dollars an acre is a fair rental value for the place for the year 1918. Starling denied that he rented the place to Garner for more than one year and testified that Garner was only to have the land for the year 1917. Evidence was also adduced by the plaintiff tending to show that the defend-

ant still owed the plaintiff more than $66.22 on rent for the year 1917.

J. P. Garner testified for himself and admitted holding over the land for the year 1918. He testified that the land was in such bad condition that he would not rent it for one year only and so told Starling; that Starling asked him how long he wanted it; that he told him that he wanted it for three years; that Starling agreed to it and asked him if he wanted a written contract to that effect; that he told Starling that an oral contract was sufficient; that he went into possession of the place early in 1917 under this lease contract and took his negroes and cleaned it up except two acres of cane, and that he gathered the crop at the end of the year and divided it as they had agreed upon.

According to the defendant's abstract of the testimony the following appears in addition to what we have already abstracted as his testimony. Garner offered to testify for himself that he rented the land for three years, provided that he pay the rent at the end of each year; that is to say, if he paid the rent for 1917, that he was to have the place for 1918 at the same price, and that if he paid the rent for 1918, he was to have it for 1919. The question and answer to it were objected to and the court sustained the objection and the defendant saved his exceptions.

The case was tried on the 21st day of August, 1918. The land was planted that year in corn and cotton by Garner and Starling agreed at the trial that Garner might gather the crop and he asked judgment against the latter for the rental value of the land for the year 1918 and for the balance due for the rent of 1917. The court directed the jury to find for the plaintiff for the possession of the land sued for and submitted to them the question of whether or not Garner owed Starling any balance for the rent of 1917 and also the cash rental value of the farm for the year 1918.

The jury returned a verdict for the plaintiff for the possession of the land in controversy; for $66.22 bal-

ance of rent for the year 1917 and damages to the amount of $650 for the detention of the land in 1918.

From the judgment rendered, the defendant has duly prosecuted an appeal to this court.

*D. L. King,* attorney for appellant.

HART, J., (after stating the facts). The court did not err in instructing a verdict in favor of the plaintiff for the possession of the land. Under the statute, an oral contract for the lease of lands for a period of more than one year is within the statute of frauds and therefore void. This court has held that in order to take an oral contract of lease of land out of the statute of frauds, there must be substantial expenditures in the way of performance of the contract over and above the mere occupancy of the land, and payment of rent for the period actually occupied. *Storthz* v. *Watts,* 117 Ark. 500, and *Phillips* v. *Grubbs,* 112 Ark. 562.

The undisputed evidence shows that the lease contract was an oral one. According to the defendant's own testimony he paid the rent for the year 1917. He also testified that the land was in bad.shape when he went on it and that he took his negroes and cleaned it up except two acres in cane. His testimony as abstracted does not show what work he performed in cleaning up the land. In order to take the case out of the operation of the statute of frauds, he must have shown that he made valuable improvements on the land or made substantial expenditures in the way of the performance of the contract over and above the mere occupancy of the land, payment of rent for the period actually occupied, and the work usually done in cleaning up land preparatory to putting it in cultivation. The decision of our own court on this question is according to the weight of authority in other States.

In *Simons* v. *New Britain Trust Co.,* 11 A. & E. Ann. Cas. 477, the Supreme Court of the State of Connecticut held that a tenant cannot defend a proceeding for his removal by proving a lease for a longer term, required by

the statute of frauds to be in writing, where proof of the length of the term of such lease depends entirely on parol evidence. In a note to the case it is said that the cases announcing this rule hold that such an agreement or contract is as incapable of proof on the part of the defendant as on that of the plaintiff. The reason is that to permit the defendant so to use the contract and prove it by parol testimony would open the door to the very perjury against which, the Legislature, by the statute, intended to guard. The mischief meant to be prevented by the statute is the leaving to memory the terms of a contract for a longer time than a year.

The trial took place on the 21st day of August, 1918. During its progress the attorney for the plaintiff stated that no contention was made about the right of the defendant to gather the crop and judgment was only sought for the rental value of the land for the year 1918. The undisputed evidence showed that there were sixty-five acres in cultivation and that its lowest rental value was $10 per acre. The jury only returned a verdict for $650. There was no error in this, for the rights of the defendant were not in any wise prejudiced. The jury also returned a verdict for $66.22 balance of rent for the year 1917. There was testimony tending to support its finding in this respect.

We find no prejudicial error in the record and the judgment must be affirmed.