JONESBORO TRUST COMPANY *v.* HARBOUGH.

Opinion delivered October 30, 1922.

1. LANDLORD AND TENANT—HOLDING OVER UNDER LEASE FOR YEARS.—Where a tenant under a lease for a term of years held over after the end of the term without any new agreement, and paid rent according to the terms of the lease, which was accepted by the landlord, a tenancy from year to year is created.

2. LANDLORD AND TENANT—TENANCY FROM YEAR TO YEAR—TERMINATION.—A tenancy from year to year cannot be terminated by either party except on six months' notice.

Appeal from Craighead Circuit Court, Jonesboro District; *W. W. Bandy,* Judge; affirmed.

STATEMENT OF FACTS.

This is an action of unlawful detainer brought by the Jonesboro Trust Company, as trustee for certain designated parties, against C. M. Harbough and others, to recover certain town lots in the city of Jonesboro in Craighead County, Ark.

According to the allegations of the complaint, C. M. Harbough entered into the possession of the property on January 25, 1917, under a written lease between himself and A. F. Carville for the St. Roman's Congregation of Jonesboro, Ark. The lease was for a term of three years from the 25th day of January, 1917, for a consideration of $900, payable at the rate of $25 per month in advance for each and every month until the end of the lease. C. M. Harbough continued to hold over after the expiration of his lease, and paid rent according to the terms of the lease up to and on the 25th day of October, 1921. On the last mentioned date, the plaintiffs became the owners of said property by purchase. C. M. Harbough was advised of the change in ownership, and paid to the plaintiffs the sum of $50 in payment of the rent due up to January 25, 1922. On December 14, 1921, the plaintiffs gave notice to the lessee that they did not desire to lease the property to him after January 25, 1922, and notified him to vacate the property on that date. C. M. Harbough refused to vacate the property, and continued to hold it after the 25th day of January, 1922. Hence this lawsuit.

The defendants filed a demurrer to the complaint, which was sustained by the court. The plaintiffs declined to plead further, and their complaint was dismissed by the court. The plaintiffs have duly prosecuted an appeal to this court.

*Eugene Sloan,* for appellants.

We have here a contract for the rental of city residence property for a period commencing January 25, 1917, and ending January 25, 1920; a holding over by the tenant without objection or other agreement and pay-

ment of rent by the month until January 25, 1921, and again without objection or other agreement the tenant held over and paid rent from that date monthly until December 14, 1921, when he was notified by the new owners, who had acquired title about three months previously, that they would not rent the property to him after the expiration of the yearly period then running, which would end January 25, 1922.

Under this state of facts the holding over ought not to be held as creating a common law tenancy from year to year, entitling the appellee to six months' notice to vacate prior to the end of the year. 16 R. C. L. p. 1167; 24 Cyc. 1382, and cases cited n note 58; 1 Underhill on Landlord and Tenant, 157; 25 L. R. A. (N. S.) 849; 60 Ohio St., 427; 53 Hun (N. Y.) 260; 28 N. E. 25.

*Driver & Simpson,* for appellees.

Under the facts in this case the tenancy became one from year to year, subject to the terms of the original lease. 61 Ark. 377; 25 L. R. A. (N. S.) 857; 147 Ark. 282, 289; 148 *Id.* 79.

HART, J. (after stating the facts). The decision of the circuit court proceeded upon the theory that, under the facts alleged in the complaint, a tenancy from year to year was created, and the plaintiffs were not entitled to recover because they had not given the notice to quit required under such a tenancy.

To reverse the judgment, counsel for the plaintiffs have cited cases which hold that under a state of facts similar to those alleged in the complaint a tenancy from year to year is not created. We do not deem it necessary to discuss or to review these cases, because this court has held to the contrary. We have held to the common-law rule that a tenant under a lease for a term of years, by holding over after the end of the term without any new agreement, and paying rent according to the terms of the lease, which has been accepted by the landlord, becomes a tenant from year to year, and that this tenancy cannot be terminated by either party except upon

notice of six months. *Belding* v. *Texas Produce Co.*, 61
Ark. 377; *Lamew* v. *Townsend,* 147 Ark. 282, and *Peel* v.
*Lane,* 148 Ark. 79.

According to the allegations of the complaint, the
lease was for a period of three years, with a stipulated
rental payable monthly in advance. The lease terminated
on the 25th day of January, 1920. After that time the
tenant continued to hold the premises and pay rent un-
der the terms of the prior lease until December 14, 1921.
The landlord accepted the rent. Hence by election of
the parties a tenancy from year to year was created. The
act of the tenant in holding over and of the landlord in
accepting rent under the terms of the prior lease created
the relation of tenancy from year to year, and it was
not within the power of either to throw off that relation,
however onerous it might be, without giving the notice
of six months required by the common law.

Of course this implication of law might have been
rebutted by proof, but such a course was not adopted in
the present case. Indeed, the demurrer admitted the al-
legations of the complaint to be true; and by declining
to plead further, the plaintiffs elected to try the issues
on the allegations of the complaint.

Therefore the judgment will be affirmed.