WOOD v. DAVENPORT.

Opinion delivered January 29, 1923.

1. LANDLORD AND TENANT—UNLAWFUL DETAINER—VERDICT.—In unlawful detainer, where there was an issue as to whether the renting was for a term of one year or from month to month, the verdict on that issue is conclusive on appeal.

2. LANDLORD AND TENANT—WAIVER OF NOTICE OF TERMINATION OF LEASE.—Notice of the termination of a lease may be waived by a tenant, and a disclaimer of the landlord's title or the right of the landlord to terminate the lease is sufficient to operate as such waiver.

3. LANDLORD AND TENANT—WAIVER OF NOTICE OF TERMINATION OF LEASE.—Where a tenant from month to month on sale of the premises asserted the right to hold for a year from the time of his contract and refused to move until the expiration of that term, there was a disclaimer of the landlord's right to terminate the tenancy, and formal notice was not necessary.

Appeal from Pulaski Circuit Court; *Guy Fulk,* Judge; affirmed.

*J. F. Wills,* for appellant.

Appellant's prayer for peremptory instruction should have been granted. It was incumbent on appellee to demand the rent, and, as no other place was designated in the rental·contract, to demand it on the premises, before unlawful detainer would lie. Wood, Landlord & Tenant,. 1034, § 449; Jones, Landlord·& Tenant, § 503; Underhill, Landlord & Tenant, vol. 1, p. 528; 16 R. C. L. § 435; *Id.* § 648; Woodfall, Law of Landlord & Tenant, 20th ed., 493; Taylor, Landlord & Tenant, vol. 1, § 392; 65 Ill. 477.

*John D. Shackleford,* for appellee.

The jury found that appellant was a tenant from month to month, and that finding is supported by the evidence. The notice of July 5, 1921, had the legal effect of calling appellant's attention to the fact that he was in arrears, that he had three days in which to pay the rent, and that, if not paid, proceedings would be instituted for possession. 65 Ark. 521. Since he was a tenant from month to month, the three days' statutory notice was sufficient to maintain the action.

McCULLOCH, C. J. This is an action for unlawful detainer, instituted in the circuit court of Pulaski County by appellee against appellant to recover possession of a lot and dwelling house in the city of North Little Rock. The property was originally owned by L. Morrison and wife, who rented it to appellant during the month of February, 1921. There is a conflict in the testimony as to the terms of the rental.

The Morrisons sold and conveyed the property to appellee on May 20, 1921, and immediately thereafter appellee, accompanied by Mr. Wright, the real estate agent who made the sale, called on appellant and informed him of appellee's purchase, and also of appellee's desire to obtain possession as soon as convenient, as he had purchased the place for a home. Appellant declined to remove from the premises, claiming that he had rented the place from Mrs. Morrison in February, 1921, for a term of one year, the rent to be payable monthly in advance.

On July 5, 1921, appellee caused notice to quit in the statutory form to be served on appellant, and, upon refusal of appellant to yield possession pursuant to notice, this action was instituted.

The facts as hereinbefore cited are undisputed. There was, as before stated, a conflict in the testimony as to the term of the lease by the Morrisons to appellant. Appellant testified that he rented the place from Mrs. Morrison for a term of one year. Mrs. Morrison testified that she rented the place to appellant by the month,

and that there was no contract, either written or verbal, for a term of twelve months.

The court submitted the case to the jury upon the sole issue as to whether or not the renting by the Morrisons to appellant was for a term of one year, and told the jury that if the renting was for a year the verdict should be in appellant's favor, but that if he did not hold under a lease for a year, as claimed, the verdict should be against him. Appellant requested other instructions, which the court refused.

We are of the opinion that the court was correct in its instruction, for there was no other disputed issue of fact to submit.

Appellant is, of course, concluded by the verdict of the jury upon that issue, and we must treat it as settled that appellant was holding under a lease from month to month, which was terminable by notice of thirty days, expiring coincident with the end of any monthly period. *Reece* v. *Leslie,* 105 Ark. 129.

The notice of the termination of a lease may be waived by the tenant, and a disclaimer of the landlord's title or the right of the landlord to terminate the lease is sufficient to operate as such waiver. 1 Underhill on Landlord & Tenant, § 131.

According to the undisputed facts in this case, when appellant was informed of appellee's purchase of the property from Morrison, he asserted the right to hold the property for the full term of one year from the time of his contract, and refused to move until the expiration of that term. This was necessarily a disclaimer of the landlord's right to terminate the tenancy from month to month, and formal notice was not necessary.

The statute (Crawford & Moses' Digest, § 4838) requires the giving of a notice of three days as a prerequisite of an action of this kind. That notice was given more than a month after appellant expressed a refusal to permit a termination of the tenancy. The giving of the notice matured appellee's right of action for recovery

of possession, and, as before stated, there was no issue of fact to submit to the jury except the single one whether or not appellant's contract with the Morrisons gave him the right to occupy the premises for a definite term of one year. This issue having been settled by the verdict of the jury, the judgment of the court is correct, and must be affirmed. It is so ordered.