BLUME v. LIGHTLE.

Opinion delivered October 1, 1928.

*George J. Crump* and *John E. Miller,* for appellant.
*Brundidge & Neelly,* for appellee.

HART, C. J., (after stating the facts). It is insisted by counsel for appellants that, under the evidence adduced in favor of appellees, appellants were renting

the property from month to month, and that, under the circumstances, they were entitled to thirty days' written notice to terminate the tenancy. *Reece* v. *Leslie,* 105 Ark. 127, 150 S. W. 579. The undisputed evidence shows that appellants did not receive thirty days' written notice to terminate the tenancy, and that there was no agreement between the parties for a less notice. Hence they insist upon a reversal of the judgment.

The circuit court, however, proceeded upon the theory that, under the evidence, the jury might find that appellants had waived the thirty days' written notice which is necessary to the termination of a tenancy from month to month, in the absence of an agreement between the parties for a notice of different time. It is true, as insisted by counsel for appellants, that, in the case of a tenancy from year to year for a term of years, six months' notice is required. *Peel* v. *Lane,* 148 Ark. 79, 229 S. W. 20, and *Jonesboro Trust Co.* v. *Harbaugh,* 155 Ark. 416, 244 S. W. 455. Appellants insisted upon having six months in the present case. Hence the court correctly submitted to the jury the question whether or not they had not waived the thirty days' notice required in a tenancy from month to month by refusing to vacate the premises unless a six months' written notice was given, as is required in a tenancy from year to year.

In *Wood* v. *Davenport,* 156 Ark. 598, 247 S. W. 69, this court held that, where a tenant from month to month, on the sale of the premises asserted the right to hold for a year from the time of his contract, and refused to move until the expiration of that term, there was a disclaimer of the landlord's right to terminate the tenancy, and formal notice was not necessary. The court said:

"The notice of the termination of a lease may be waived by the tenant, and a disclaimer of the landlord's title or the right of the landlord to terminate the lease is sufficient to operate as such waiver. 1 Underhill on Landlord & Tenant, § 131."

In 1 Underhill on Landlord & Tenant, § 125, the author says that the refusal of a tenant to quit on the ground that he is a tenant from year to year waives any formal insufficiency of a notice to terminate a tenancy from month to month. In support of the text the case of *Drey* v. *Doyle,* 28 Mo. App. 249, is cited. In that case it was expressly held that the formal insufficiency of a notice to quit is waived by the tenant's repudiation of the monthly tenancy and his refusal to quit on the ground that he has a tenancy for years in the premises. The court there cited *Boynton* v. *Bodwell,* 113 Mass. 531, to support its holding. There the court had the converse of the proposition, and it was held that, while a notice given by a tenant at will to terminate his tenancy, which fails to state the time when he will quit, is defective, yet, if the landlord does not object to the insufficiency of the notice, when the tenant in fact does deliver to him possession on a subsequent day, the jury are authorized to infer a waiver of the defect.

The same principle controls here. The undisputed evidence shows that appellees gave appellants the privilege of entering into a new lease at $250 per month, which they had been offered by another party, and that they gave appellants a reasonable time in which to consider the proposition and decide upon it. After mature deliberation, appellants decided not to accept a new lease on such terms, and appellees entered into a new lease with another party for $250 per month. They then gave appellants notice to quit the premises on the first day of January, 1928. It is true that the notice was given on December 12, 1927, and that the thirty days' notice required in a tenancy from month to month was not given to appellants, but appellants expressly declined to vacate the premises until they received six months' notice, as is required to terminate a tenancy from year to year. Hence the court was correct in submitting the question of waiver of the insufficiency of the notice to the jury, and the verdict of the jury against appellants is binding upon us upon appeal.

Therefore the judgment will be affirmed.