DOVER *v.* HENDERSON.

4-4920

Opinion delivered January 31, 1938.

*J. F. Quillin* and *Marvin J. Quillin,* for appellant.
*Gordon B. Carlton,* for appellees.

SMITH, J. Appellee Talmadge Henderson and his wife owned three lots in the town of Hatfield, on which they built a gasoline filling-station, which they leased to the Texas Company, a Delaware oil corporation. The corporation sub-let the property to appellant, to whom it sold and delivered oil and gas, and the rent was paid by adding one cent to the price of each gallon of gasoline, and the rent thus collected was paid to the Hendersons by the Oil Company in payment of its own rent.

The first lease from the oil company to appellant was canceled by consent and a second lease contract executed. Talmadge Henderson was the consignee of the oil shipped appellant by the oil company, and collected its accounts from appellant, in which was included the one cent per gallon on gasoline charged as rent. The accounts were always promptly paid.

The sublease from the oil company to appellant contained the following clause in regard to its cancellation:

"(2)    Term. . This lease shall remain in full force and effect for a period beginning August 26th, 1933, and ending December 29th, 1935, and from year to year thereafter, provided, however, (a) that lessee may terminate said lease at the last mentioned date or any succeeding anniversary thereof by giving written notice to lessor thirty (30) days prior to the date upon which termination becomes effective, and (b) that lessor may terminate at any time by giving five (5) days prior written notice to lessee."

The lease from the Hendersons to the oil company contained a similar cancellation clause, reciting that "in the event of the cancellation or termination in any manner of that certain sales contract between lessee (the oil company) and L. M. Dover, . . . ," the lessee might terminate it at its option. Appellant occupied the premises under the lease to him without objection or notice until January 2, 1937, at which time he received from the oil company the following letter:

"This is to inform you that we are cancelling and terminating Form G-77-C, Lease Agreement, dated August 26, 1933, by and between the Texas Company and you covering the service station located on Hornbeck avenue, Hatfield, Polk county, state of Arkansas.

"Cancellation and termination of the foregoing agreement is to take effect immediately."

Appellee, Talmadge Henderson, also gave appellant personal notice of the cancellation of the lease, and notice also that the lease to the oil company had been terminated, and demanded possession, which appellant declined to yield. The reason given for the cancellation

was that in the fall before appellant had bought lots nearby, on which he prepared to erect another filling-station, and announced his intention of doing so, and the oil company desired that its rent be placed at a flat amount per month.

Appellant declined to surrender possession upon receipt of this letter from the oil company and this demand of possession by Henderson, whereupon Henderson gave the statutory notice preliminary to a suit in unlawful detainer, which suit was filed February 2, 1937. Henderson collected the account for gasoline, which included the rent maturing prior to the notice to quit and deliver possession, since which time he has made no collection from appellant.

No testimony was offered at the trial from which this appeal comes except that of Henderson, who produced the leases and the letter herein referred to and made them exhibits to his testimony. Each side asked an instructed verdict in its favor, and asked no other instruction. The effect of this action was to withdraw the case from the jury and submit it to the court for decision sitting as a jury. *Webber* v. *Rodgers,* 128 Ark. 25, 193 S. W. 87.

We have quoted above the paragraph contained in the lease from the oil company to appellant in regard to its term and cancellation. The lease was not terminated on December 29, 1935, as it might have been, by either party. The effect of appellant holding over thereafter was to convert the lease into one from year to year, and six months' notice would, therefore, have been required to terminate it but for the contrary provision upon that subject. *Peel* v. *Lane,* 148 Ark. 79, 229 S. W. 20; *Blume* v. *Lightle,* 177 Ark. 1134, 10 S. W. 2d 45. But the six months' notice was not required to terminate this lease because it is otherwise provided in the paragraph quoted. It is there provided that the lessee might terminate the lease on December 29, 1935, or on any succeeding anniversary of that date, after thirty days' written notice, whereas the lessor was given the right to terminate the lease at any time by giving five

days' written notice to the lessee. These provisions were, of course, all dependent upon the continuance of the lease from the Hendersons to the oil company, as the latter could sub-let no greater right than it had acquired under the lease to it.

It is first contended that the letter demanding immediate possession did not conform to or comply with the requirement that five days' notice should be given. The notice was given pursuant to the lease and must be read in connection with it. Appellant could not have been required to surrender possession within a less time than five days, but no attempt was made to evict him within that time. The letter did apprise appellant that he would not be allowed to retain possession for a longer time than his lease permitted, and was a demand for possession immediately upon the accrual of the right of repossession.

The court below construed this notice as " . . . one that became effective upon the expiration of five days from the receipt thereof, . . ." And we concur in that construction.

We conclude, therefore, that the required notice of the termination of the lease had been given.

The principal and difficult question in the case is whether an action in unlawful detainer would lie to recover possession. The statute creating this right of action (§ 6035, Pope's Digest), reads as follows:

"Every person who shall willfully and without right hold over any lands, tenements or possession after the termination of the time for which they were demised, or let to him, or the person under whom he claims, or who shall peaceably and lawfully obtain possession of any such and shall hold the same willfully and unlawfully after demand made in writing for the delivery or surrender of possession thereof by the person having the right to such possession, his agent or attorney, or who shall fail or refuse to pay the rent therefor when due, and after three days' notice to quit and demand made in writing for the possession thereof by the person entitled thereto, his agent or attorney, shall refuse to quit

such possession, shall be deemed guilty of an unlawful detainer.''

The cases cited in the note to the text quoted in Pope's Digest are to the effect that unlawful detainer will not lie save where the relation of landlord and tenant exists. The insistence is that this relation did not exist between the parties to this litigation and that relief could not, therefore, be obtained in a suit of this character.

The testimony shows, however, that the lease from the Hendersons to the oil company had been canceled, and the sub-lease to appellant from the oil company had been canceled pursuant to the provisions of the lease to appellant conferring that authority, and after its cancellation appellant became a tenant at will, and he was necessarily such a tenant of the Hendersons. Appellant took a lease subordinate to another which provided that it might be canceled as above stated and it had in fact been canceled.

The court below found that when appellant's sub-lease was canceled, he became a tenant at will, and his landlords must necessarily have been the Hendersons, as the oil company had ceased to occupy that relation. It was held in the case of *Brockway* v. *Thomas,* 36 Ark. 518, that proof that defendant was a tenant at will of the plaintiff, demand of possession, and refusal to surrender, are sufficient to maintain the action of unlawful detainer.

There is no question but that the relation of landlord and tenant existed between the Hendersons and the oil company, nor is there any question that appellant, as sub-lessee, was a sub-tenant of the oil company. So that when appellant's right to occupy as the tenant of the oil company was terminated, his relation to the property was not enlarged, but remained that of a tenant, and as he had no contractual relation with the Hendersons he became a tenant at will, and could only have been the tenant of the Hendersons. Appellant's lessor had ceased to be such, and, in addition, it had terminated its lease to appellant, so that appellant might retain possession only as the tenant at will of the Hendersons.

Appellant admits the payment to the Hendersons of the rent which accrued after notice of cancellation and prior to notice to quit, but says that this was not an attornment to the Hendersons, as the Hendersons collected the rent as agent of the oil company, to which company the rent paid was due. Henderson testified without contradiction that he collected rents after the termination of the leases, but nothing after he gave notice to quit, but that such rents were collected on his own account, as they were coming to him, although this collection was made in the same way previous collections had been made, and that the portion of the collection due as rent was payable to him. Appellee Henderson was not a general agent for the oil company, but was its consignee in handling oil and other products of the company. The rent collected was due in any and all events because appellant retained possession after receipt of the letter and after demand for possession by Henderson, and there is no intimation that he was induced to believe that if the rent which he owed was paid he would be allowed to remain in possession.

In the case of *Cherry* v. *Kirkland,* 138 Ark. 33, 210 S. W. 344, a landlord, after leasing a building to a tenant, was divorced from his wife, to whom he deeded the property in the divorce settlement. In an action of unlawful detainer it was insisted by the tenant that the relation of landlord and tenant did not exist between him and the divorced wife, but it was there said, in answer to this contention, that "Of course, the relationship of landlord and tenant must exist as a basis for the institution of this action, but the statute is broad enough to include the conventional or original landlord, his grantee or assigns in estate."

We conclude, therefore, that the court below was correct in holding that the relation of landlord and tenant subsisted, and that the action of unlawful detainer was maintainable, and in rendering judgment for the possession of the property in appellees' favor. That judgment is correct, and it is, therefore, affirmed.