JOHNSON v. TAYLOR.

4-9679                                             246 S. W. 2d 121

Opinion delivered February 18, 1952.

*Jackie L. Shropshire* and *J. R. Booker,* for appellant.

*U. A. Gentry,* for appellee.

HOLT, J. October 20, 1950, appellant brought suit in equity against appellee to restrain appellee from molesting him in the use and occupancy of property located at 728 W. 9th St., Little Rock. He alleged, in effect, that appellee had agreed to lease him the property in question (for café purposes) for a period of three years from April 10, 1948, at a rental of $45 per month, with an option to renew the lease for an additional three-year term.

March 2, 1951, appellee answered with a general denial, and on March 7th, brought suit in the Pulaski Circuit Court for possession and treble damages of the monthly rental for unlawful detention.

May 1, appellant filed answer and cross complaint making, in effect, the same allegations as in his complaint in the equity case. He asked that the cause be transferred to equity, which was done without objection, and the two causes consolidated for trial.

The trial court found: "C. A. Taylor is the owner and entitled to the possession of the property * * * to $45 a month as rent for the months of March, April, May and June, and damages for the unlawful detention of said property in the sum of $135 a month for the months of March, April, May and June, which is three times the monthly rental agreed upon of $45 per month.

"It is, therefore * * * decreed * * * that said C. A. Taylor do have and recover of and from the said Dave Johnson, and from Rosa P. Ruffin and W. L. Jarrett, sureties on his bond herein, the possession of the lands in controversy, together with the sum of $180, amount of rent due from Dave Johnson to C. A. Taylor, and the sum of $540, damages for the detention of the same, a total of $720, together with all of his costs herein expended, and that writ of possession issue herein."

This appeal followed.

It will be observed that the court found and decreed, in effect, that appellee had made no contract to lease the property for a three-year term or any renewal thereof, without reference to appellee's affirmative defense that the contract was unenforceable since it came within the Statute of Frauds. On a trial *de novo* here, we hold that, while the Chancellor reached the right result, the decree should be based on appellee's defense that the contract fell within the Statute of Frauds, which we find the preponderance of the evidence supports.

Appellant took the position that appellee leased him the premises for a three-year term at $45 per month with option to renew for additional three years at the same rental, and that the lease was to be reduced to writing and signed by the parties, but that appellee refused to sign the lease after it was prepared and signed by appellant.

Appellee stoutly denied that he ever agreed to a three-year lease or for any term other than from month to month and never agreed to any renewal.

Appellant insists, however, that the lease was taken out of the Statute of Frauds by reason of part performance, such part performance consisting of "expansion of the business and the building up of good will." We cannot agree to this contention for the reason that appellant has failed to show that he made any valuable improvements on the property, or freehold, or substantial expenditures in performance of the contract with the lessor, in addition to occupancy and payment of rent.

The governing rule is announced in our own case of *Garner* v. *Starling,* 137 Ark. 464, 208 S. W. 593, wherein this court said: "This court has held that in order to take an oral contract of lease of land out of the statute of frauds, there must be substantial expenditures in the way of performance of the contract over and above the mere occupancy of the land, and payment of rent for the period actually occupied, *Storthz* v. *Watts,* 117 Ark. 500, 175 S. W. 406, and *Phillips* v. *Grubbs,* 112 Ark. 562, 167 S. W. 101.

\* \* \* "In order to take the case out of the operation of the statute of frauds, he must have shown that he made valuable improvements on the land or made substantial expenditures in the way of the performance of the contract over and above the mere occupancy of the land, payment of rent for the period actually occupied, and the work usually done in cleaning up land preparatory to putting it in cultivation. The decision of our own court on this question is according to the weight of authority in other states."

On the question of liquidated damages, appellant argues that in any event, the court erred in assessing treble damages against him, in the circumstances, his contention being that his continued occupancy (for more than three years) was occasioned by a *bona fide* belief on his part that he had a right to do so. We hold that this contention must be sustained. The sections of our statutes under which treble damages were claimed by appellee are §§ 34-1503 and 34-1516, Ark. Stats. 1947.

Section 34-1503 provides: "Every person who shall willfully and without right hold over any lands, tenements or possession after the determination of the time for which they were demised, or let to him, \* \* \* or who shall peaceably and lawfully obtain possession of any such and shall hold the same willfully and unlawfully after demand made in writing for the delivery or surrender of possession thereof by the person having the right to such possession, his agent or attorney, or who shall fail or refuse to pay the rent therefor when due, and after three [3] days' notice to quit and demand made in writing for the possession thereof by the person entitled thereto, his agent or attorney, shall refuse to quit such possession, shall be deemed guilty of an unlawful detainer," and § 34-1516 provides in part: "Form of judgment—Assessment of damages—Possession. If upon the trial of any action now pending or hereafter *brought under this act* [§§ 34-1501 - 34-1522], the finding or verdict is for the plaintiff, the court or jury trying the same shall assess the amount to be recovered by the

plaintiff for the rent due and withheld at the time of the commencement of the suit and up to the time of rendering judgment, and in addition thereto in all cases shall assess the following as liquidated damages: where the property sought to be recovered is used for * * * commercial purposes the plaintiff shall receive liquidated damages at *the rate of three times the rental value* per month for the time *the defendant has unlawfully detained the property,* etc.''

It thus clearly appears that before treble damages may be assessed under § 34-1516, it must be shown that appellant held over ''willfully and without right'' as provided in § 34-1503. If appellant held over under the *bona fide* belief that he had a right to do so, or while he had reasonable grounds for such belief, the highly penal, treble damage, provision above should not be assessed against him. The statute must be strictly construed and cannot be extended by intendment beyond its express term.

The rule in such circumstances, and under a statute similar in effect, is clearly stated by this court in *Lesser-Goldman Cotton Company* v. *Fletcher,* 153 Ark. 17, 239 S. W. 742. We there said: ''A holding over by the tenant under the *bona fide* belief that he has the right to do so, even though he were mistaken, is not a willful or contumacious holding under the statute, where the undisputed facts show, as they do here, that there were reasonable grounds for such belief.'' (Citing authorities.)

The evidence on the part of appellant shows that there was an agreement for a written lease, that it was prepared containing provisions which he claimed, was signed by him but appellee refused to sign, that appellant all the time, earnestly insisting that he had a lease for three years and an option for three more years, refused to vacate and continued to pay the rent for longer than the first three-year term. Appellee, although he claimed he was renting to appellant on a month to month basis, admitted that he agreed rather than be ''bothered'' by appellant to let him occupy the property for three years.

"Q. Taylor, (appellee) at the time you said that you had the agreement with the man that you would let him stay there until the first three years had expired that he contended that he had a léase for, when was that? Do you remember about when that agreement was you said you were going to let him stay there until— * * * When would that three years have been up? A. Would have been up on March 1, 1951."

The evidence also shows that appellant acted on the advice of an attorney.

As indicated, we hold that the preponderance of the testimony shows that appellee held over under the *bona fide* belief that he had a right to do so. In other words, his holding over was grounded upon facts which justified an honest belief that he had a right to do so.

Accordingly, that part of the decree awarding treble damages is reversed and remanded. In all other respects, the decree, based on the grounds pointed out herein, is affirmed.