Gary HERAL, d/b/a Heral Enterprises, Inc. *v.* Edna H. SMITH, et al.

CA 90-115                                        803 S.W.2d 938

Court of Appeals of Arkansas
Division I
Opinion delivered February 13, 1991

---

*J. Michael Hankins*, for appellant.

*Scott, Lashlee & Watkins*, by: *John R. Scott*, for appellee.

ELIZABETH W. DANIELSON, Judge. Gary Heral, d/b/a/ Heral Enterprises, Inc., appeals from a judgment in favor of appellees in an unlawful detainer action. We affirm.

On June 1, 1979, Howard and Margaret Halley leased some commercial real property to appellant for a term of ten years for $1,200 per month. The lease contained the following statement: "Lessee is hereby granted two options to renew this Lease for a term of five (5) years each, terms and conditions to be negotiable but not to exceed the annual cost-of-living index." On May 4, 1989, appellant sent a letter to appellees, the Halleys' children and heirs, stating that he wanted to exercise his option to renew

the lease. The parties were not successful in negotiating a new lease, and on July 17, 1989, appellees served appellant with notice of unlawful detainer and demanded that he vacate the premises. On October 13, 1989, appellees filed a complaint, asserting that appellant began unlawfully detaining the property on September 1, 1989. Appellees requested possession, rent of $1,200 per month for June, July, and August 1989, and treble damages since September 1, 1989. Appellant answered that, if a valid lease did not exist, he was a year-to-year tenant.

On December 4, 1989, the court entered judgment for appellees and found that the written lease terminated on May 31, 1989; that, thereafter, appellant occupied the property as a month-to-month tenant and that since September 1, 1989, the appellant had been in possession of the leasehold but that the hold-over was not willful. Appellant was given 45 days from the date of entry of the judgment to vacate the leasehold and, if appellant did not do so, he would be willfully holding over and entitling appellees to treble damages.

On appeal, appellant argues: (1) the trial court erred in holding that the renewal provision in the lease was void for vagueness; (2) the trial court erred in finding that appellant was a month-to-month tenant after the expiration of the original lease; (3) the trial court erred in holding that appellees could maintain an unlawful detainer action when appellant's actions were found to not be willful; and (4) the trial court erred in holding that appellant would be willfully holding over if he did not vacate the premises within 45 days. On cross-appeal, appellees argue that the trial court erred in failing to award treble damages for appellant's holding over after August 31, 1989.

We agree with the trial court that the option for renewal in the original lease was void for uncertainty. Generally, courts will not supply missing terms in a lease when the parties have not stated in their agreement a definite basis to guide the court's effort to effectuate the parties' agreement. *Lonoke Nursing Home, Inc.* v. *Wayne and Neill Bennett Family Partnership.*, 12 Ark. App. 282, 676 S.W.2d 461 (1984). The supreme court has consistently held that an option in a written lease to renew upon terms to be agreed upon in the future is void for uncertainty. *Hatch* v. *Scott*, 210 Ark. 655, 197 S.W.2d 559 (1946). In the case

at bar, the statement that the amount of rental could not exceed the cost-of-living index is simply not objective enough to guide the court in fixing the terms of a new lease and therefore cannot be enforced.

Appellant next argues that the trial court erred in holding that he was a month-to-month tenant after the expiration of the lease. Citing *Jonesboro Trust Co. v. Harbough*, 155 Ark. 416, 244 S.W. 455 (1922), appellant asserts that, upon holding over after the expiration of the lease, he became a year-to-year tenant with a right of six-months' notice to vacate. In *Jonesboro Trust*, it was held that a tenancy from year to year was created based upon the parties' conduct after the expiration of a lease. The supreme court stated:

> We have held to the common-law rule that a tenant under a lease for a term of years, by holding over after the end of the term without any new agreement, and paying rent according to the terms of the lease, which has been accepted by the landlord, becomes a tenant from year to year, and that this tenancy cannot be terminated by either party except upon notice of six months.

*Jonesboro Trust*, 155 Ark. at 418-19, 244 S.W. at 455-56.

In *Jonesboro Trust*, there was no allegation that the parties unsuccessfully attempted to negotiate a renewal of the original lease or to enter into a new lease. Additionally, the court acknowledged that the implication of law that a tenancy from year to year is created by the tenant's holding over can be rebutted by proof. *See also* 49 Am. Jur. 2d *Landlord and Tenant* § 1139 (1970).

It cannot be said that, in every instance, a year-to-year tenancy is automatically created whenever a tenant holds over after the expiration of a lease. *See Wilson v. Davis*, 202 Ark. 827, 153 S.W.2d 171 (1941). *See also* 49 Am. Jur. 2d *Landlord and Tenant* § 1120 (1970). "[W]here the holding over is with the consent of the landlord, pending negotiations for a new lease, which fell through, the holding over does not render the tenant liable for another term." 49 Am. Jur. 2d *Landlord and Tenant* § 1136 (1970).

In the case at bar, the court found that a month-to-

month tenancy had been created after the original lease expired. The evidence demonstrates that, after the expiration of the lease, the parties unsuccessfully attempted to renegotiate a new lease and did not intend to enter into a year-to-year tenancy. We do not reverse the factual findings of a trial judge unless they are clearly against the preponderance of the evidence. ARCP 52(d).

Appellant's next argument is that the trial court erred in ruling that appellees could *even maintain* an unlawful detainer action since appellant's actions were found not willful enough to support an award of treble damages. *See* Ark. Code Ann. §§ 18-60-304 and 18-60-309 (1987). Here, the trial court refused to award treble damages because appellant was operating under a reasonable belief that he was entitled to a renewal of the lease. Nevertheless, the court did find that appellees were entitled to possession of the property and that appellant should vacate the premises within 45 days of entry of the judgment. Appellees were also awarded rent for the months following the expiration of the lease.

Appellant is incorrect in arguing that, absent willful conduct warranting an award of treble damages, an action for unlawful detainer cannot be successful. In *Johnson* v. *Taylor*, 220 Ark. 46, 246 S.W.2d 121 (1952), the Arkansas Supreme Court affirmed a chancellor's finding that the lessor was entitled to possession of the premises in an action for unlawful detainer but reversed the chancellor's award of treble damages. The court stated:

> [B]efore treble damages may be assessed under § 34-1516, it must be shown that appellant held over "willfully and without right" as provided in §34-1503. If appellant held over under the *bona fide* belief that he had a right to do so, or while he had reasonable grounds for such belief, the highly penal, treble damage, provision above should not be assessed against him. The statute must be strictly construed and cannot be extended by intendment beyond its express term.

*Johnson* v. *Taylor*, 220 Ark. at 50, 246 S.W.2d at 123. *See also Lesser-Goldman Cotton Co.* v. *Fletcher*, 153 Ark. 17, 239 S.W. 742 (1922).

This approach is in accord with the general rule that

multiple damage statutes, being penal, must be strictly construed. *Warmack* v. *Merchants Nat'l Bank of Fort Smith*, 272 Ark. 166, 612 S.W.2d 733 (1981).

In the case at bar, the trial court was correct when it awarded rent and possession to appellees but would not award treble damages to appellees unless appellant held over past 45 days following entry of the judgment. We cannot agree with appellant's argument that the willful holding over necessary to support a judgment for treble damages is also required to support any action for unlawful detainer. To hold that this action could not be maintained if treble damages were not appropriate would be entirely out of keeping with the policy behind the unlawful detainer statutes. *Gorman* v. *Ratliff*, 289 Ark. 332, 712 S.W.2d 888 (1986).

We also find no error in the trial court's finding that appellant would be willfully holding over if he did not vacate the property within 45 days. Clearly, under Ark. Code Ann. § 18-60-309 (1987), the trial court could have given appellant significantly less time to vacate. We cannot see how this allowance of 45 days' time to vacate works to appellant's detriment.

We find no merit in appellees' cross-appeal for treble damages, because, although appellant was in error, we cannot say the trial court was clearly erroneous in finding that he was completely justified in believing he had a valid option to renew the lease. *See Johnson*, 220 Ark. 46, 246 S.W.2d 121.

Affirmed.

COOPER and MAYFIELD, JJ., agree.