Fred HARVILL, et al. *v.* Geneva BEVANS

CA 94-604                                        914 S.W.2d 784

Court of Appeals of Arkansas
Division II
Opinion delivered February 14, 1996

*Josh E. McHughes*, for appellants.

*Davidson Law Firm*, by: *Skip Davidson* and *Stephen L. Gershnes*, for appellee.

JUDITH ROGERS, Judge. Appellants Fred Harvill, Paul Wayne Poe, Burt Carroll Westerman, and Party Tyme Club, Inc., appeal from a judgment in favor of appellee, Geneva Bevans, in an unlawful detainer action. Appellants raise three issues for reversal of the trial court's decision, while appellee raises one issue on cross-appeal. Finding no merit in any of the arguments presented, we affirm on both direct and cross-appeal.

The following facts are not in dispute. At various times in 1991, appellee made loans totalling $90,000 to appellant Fred Harvill and Josh McHughes for the construction of a building on the property which is the subject of this action. Since construction, the building was occupied by appellant Party Tyme Club, Inc. Appellant Harvill and McHughes gave a quitclaim deed for the property to appellee and her now deceased husband to secure payment of the loans. However, appellant Harvill was unable to obtain financing for the payment of the loans. To assist Harvill and to recover the monies she had loaned, appellee arranged to borrow $95,000 from National Bank of Arkansas. From the loan proceeds, appellee recovered the $90,000 she had loaned. Appellee also advanced them $2,500 at Harvill's request and paid the expenses associated with obtaining the loan. Thereafter, appellee and her late husband agreed to sell the property to appellants Harvill, Poe and Westerman for the sum of $95,000. To this end, the parties entered into a purchase contract on December 10, 1991, and the appellants executed a real estate installment note in favor of appellee and her husband in the amount of $95,000, to be paid at the rate of $1,500 a month. With appellants' written consent, appellee then made an assignment of the contract and note to National Bank. Under this arrangement, payments due from appellants were made directly

to the bank, which in turn applied the payments to the loan it had made to appellee and her husband.

The purchase agreement for the sale of the land contained a provision which authorized the appellee to rescind the contract in the event of default in payment for a period of thirty days or upon appellants' failure to pay taxes, assessments or insurance on the property when due. As of October 15, 1993, appellants were in default with respect to payments due for August and September of that year. Appellee then gave written notice to appellants of rescission of the contract, and she made demand for the immediate possession of the property. Appellants refused to vacate the premises, and in November 1993 appellants tendered three payments totalling $4,500 to the bank. The bank returned the payments at appellee's request. Appellee then filed this suit in unlawful detainer.

The trial of this matter was held on February 15, 1994. By order of February 17, the trial court found that appellee was entitled to immediate possession of the property and entered judgment in favor of appellee in the amount of $10,500 in unpaid rent, as reduced by sums held in the registry of the court. In so ordering, the trial court denied appellants' motion to dismiss in which it was alleged that the bank was the real party in interest because of the assignment made by appellee of the purchase contract and installment note. The court also denied appellee's request for treble damages. This appeal followed.

The primary focus of appellants' arguments on appeal is their contention that the trial court erred in denying their motion to dismiss. Appellants insist on appeal, as they did below, that the bank is the real party in interest due to appellee's assignment of the purchase contract and note, and that the appellee thus lacked standing to bring the action. While appellants devote much of their brief referring to decisions supportive of the view that the assignee alone is entitled to sue, their reliance on those decisions is misplaced in this particular case because the bank ratified the acts of appellee in declaring a default and in filing the lawsuit.

Rule 17(a) of the Arkansas Rules of Civil Procedure provides that every action shall be prosecuted in the name of the real party in interest. Subsection (a) of the rule, however, further

provides that:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification or commencement of the action by, or joinder of, the real party in interest; *and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.*

(Emphasis supplied.) In ruling on the motion to dismiss, the trial court had before it a document executed on behalf of the bank entitled "Ratification and Release of Assignment." The document reflects that the bank released the assignment to appellee and states that the bank "ratifies the actions of the [appellee] in October 1993 in declaring the purchase contract to be forfeited and further ratifies the act of the [appellee] in beginning this unlawful detainer suit." This case falls directly within the purview of Rule 17. *See McMaster* v. *McIlroy Bank*, 9 Ark. App. 124, 654 S.W.2d 591 (1983). Therefore, we cannot conclude that the trial court erred in finding that the bank's ratification cured any alleged defect in the parties.

▌ Alternatively, appellants ask us to consider the bank as being appellee's agent and to reverse on a finding that appellee is bound by the bank's acceptance of late payments made in November 1993. In this regard, appellants contend that no breach of contract occurred since the bank accepted the payments. There are two reasons this argument must fail. First, there is nothing in the abstract to support appellants' contention that the bank "accepted" the payments. To the contrary, the record reflects that the payments were returned to appellants by the bank. Secondly, our review of the abstract does not disclose that this argument was raised or ruled upon by the trial court. It is fundamental that the record on appeal is confined to that which is abstracted. *Mahan* v. *Hall*, 320 Ark. 473, 897 S.W.2d 571 (1995). Failure to abstract information pertinent to an issue precludes this court from considering the issue on appeal. *See Edwards* v. *State*, 321 Ark. 610, 906 S.W.2d 310 (1995).

▌ On cross-appeal, appellee contends that the trial court erred in disallowing treble damages as set forth in Ark. Code

Ann. § 18-60-309 (1987). Appellee points out that appellants did not vacate the property when demand was made and that appellants did not surrender the property until February 20, 1994, when ordered to do so by the court. Appellee argues that "the trial court lacked the discretion to refuse to award the statutorily required treble damages." Appellee misunderstands the requirements of the law. Before such liability can be imposed, there must be a finding of willful or wrongful holding over. *Anthes* v. *Thompson*, 28 Ark. App. 304, 773 S.W.2d 846 (1989); *see also Heral* v. *Smith*, 33 Ark. App. 143, 803 S.W.2d 938 (1991). Appellee makes no argument characterizing appellants' failure to vacate as wrongful. Appellants maintain that their actions were justified because of their belief that the bank was the real party in interest and their reliance on the bank not having declared a default. Under the circumstances, we cannot say that the trial court's decision is clearly erroneous.

Affirmed.

COOPER and ROBBINS, JJ., agree.